UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>   Plaintiff,<br><br>v.<br><br>Elizabeth A. Clysdale,<br>David E. McCabe,<br>Grace Elizabeth Miller,<br>Catherine Marie Schaefer,<br>Lindsey Middlecamp,<br>Teresa Warner,<br>Gurdip Singh Atwal,<br>Christy Snow-Kaster,<br><br>   Defendants. | Case No. 18-cv-00510-SRN-HB<br><br>**DEFENDANT MCCABE'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

## INTRODUCTION

This matter is before the Court on Plaintiff Fredin's Motion for Leave to File a Second Amended Complaint. [Doc. No. 80.] As a preliminary matter, Fredin was required to meet and confer with opposing parties in a good-faith effort to resolve the issues raised by the motion and as required by LR 7.1(a). On June 14, 2018, counsel for Defendant McCabe received an email from Fredin seeking to meet and confer on June 15, 2018. Fredin indicated that he would send a redlined version of the Second Amended Complaint by the close of business June 14, 2018. [Hanson Aff. Ex. A.] Counsel for McCabe told Fredin that she was unavailable to meet and confer on June 15, 2018. *Id.* There was no attempt by Fredin to set an alternative time to meet and confer. Fredin filed his redlined version at approximately 2:00 a.m., June 15, 2018. Fredin did not meet and

confer in good faith as required by LR 7.1(a). The meet and confer statement filed by Fredin indicating that the undersigned counsel for McCabe declined a conference, is a misstatement of the facts. [Doc. No. 81.]

Fredin's proposed redlined Second Amended Complaint fails to conform to the requirements of LR 15.1. The redlined version is 197 pages with almost every sentence underlined in red. [Doc. No. 80-2.] Fredin failed to follow the requirements of LR 15.1(b) which provides that he submit "a version of the proposed amended pleading that shows - through redlining, underlying, strikeouts, or other similarly effective typographical methods - how the proposed amended pleading differs from the operative pleading." It is nearly impossible to discern in what ways the proposed amended pleading differs from the operative pleading. [Doc. No. 8.]

The proposed pleading additionally violates Fed. R. Civ. P. 8(a)(2), which requires a complaint to set forth "a short and plain statement of the claim[s]" entitling plaintiff to relief. This Court's Order dated April 10, 2018, stated "[e]ven a 60-page complaint has been held to violate Federal Rule of Civil Procedure 8(a)(2)'s requirement of "a short and plain statement of the claim." [Doc. No. 33] (citing *Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1152-53 (D. Minn. 2011).

Fredin proposes to add additional defendants - most are state court judges and public officials who are immune from suit. *Id.* McCabe now submits this Memorandum in Opposition to Fredin's Motion for Leave to File Second Amended Complaint.

## BACKGROUND

Fredin filed his Complaint in this matter on February 22, 2018. On February 27, 2018, he filed a Motion for Leave to Amended Complaint for Permanent Injunction and Other Equitable Relief. [Doc. No. 4.] Fredin filed an Amended Complaint on March 2, 2018. [Doc. No. 8.] The Court granted Fredin's motion to amend his Complaint in accordance with Fed. R. Civ. P. 15(a)(1), because a party may amend a pleading once as a matter of course within 21 days after serving it. Accordingly, the March 2, 2018, Amended Complaint is the operative pleading. [Doc. No. 8.]

On March 28, 2018, Fredin filed a second motion to amend his complaint. [Doc. No. 14.] The proposed second amended complaint consisted of 150 pages of allegations and an additional 72 pages of exhibits. Because Fredin is not authorized to file more than one amended pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), he may amend his pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The Court denied Fredin's motion for leave to file a second amended complaint without prejudice because of he failed to comply with federal local rules and rules of civil procedure. [Doc. No. 33.]

On April 25, 2018, McCabe filed a Motion to Dismiss or in the Alternative for Summary Judgment. [Doc. No. 49.] On May 18, 2018, Fredin filed a Memorandum of Law in Opposition to McCabe's motion to dismiss or in the alternative for summary judgment. [Doc. No. 71.] Fredin argued that McCabe filed an exhibit that corroborates his claim that McCabe improperly used the April 28, 2017, search warrant for an improper purpose. *Id.* On June 6, 2018, the Court conducted a hearing on the motions

for dismissal. McCabe reserved argument regarding the alleged newly discovered evidence, contemplating Fredin's motion for leave to amend his complaint. The motions were taken under advisement until after all briefing is completed on Fredin's motion for leave to file a second amended complaint. [Doc. No. 79.]

## STANDARD OF REVIEW

Fed. R. Civ. P. 15(a) does not provide an absolute right to amend a pleading. *See Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 715 (8th Cir. 2008). The court may deny leave to amend "where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotations and citations omitted).

Leave to amend is properly denied where the plaintiff does not have at least a colorable claim for relief. *Berczyk v. Emerson Tool Co.*, 291 F. Supp. 2d 1004, 1018 (D. Minn. 2003). The nonmoving party can successfully challenge the proposed amendments where such claims fail to state a claim upon which relief can be granted. *Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993). In such situations, the court should apply a 12(b)(6) standard of review. *Berczyk*, 291 F. Supp. 2d at 1018-19 (quoting *Lumsden v. Ramsey Cnty. Community Corr. Dept.*, 2002 U.S. Dist. Lexis 25398, 2002 WL 31886630 at *1 (D. Minn. May 20, 2002)).

If a court denies leave to amend a complaint on the basis of futility, it must conclude that the amended complaint cannot withstand a motion to dismiss under Fed. R.

4

Civ. P. 12(b)(6).  *See Cornelia I. Coswell GST Trust v. Possis Medical, Inc.*, 519 F.3d 778, 782 (8th Cir. 2008); *see also Selmer v. Wilms*, No. 13-cv-3283 (JNE/LIB), 2014 WL 3845779 at *2 (D. Minn. Aug. 5, 2014) (stating that "a party may successfully challenge a motion to amend pleadings on grounds of futility if the claims *created by the amendment* would not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted").

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555.  In this case, Fredin fails to state sufficient facts to support his claims alleged against McCabe as required by the standards set forth in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009); therefore Fredin's motion for leave to file his second amended complaint should be denied.

# ARGUMENT[1]

## I.  FREDIN'S PROPOSED AMENDMENTS ARE FUTILE.

### A.  Assistant City Attorney Stephen Christie has Absolute Immunity.

Fredin's proposed Second Amended Complaint seeks to add Assistant Saint Paul City Attorney Stephen Christie.  The claims alleged against Christie include violations of: 1) First and Fourteenth Amendments-Freedom of Speech; 2) Fourth, Fifth and Fourteenth Amendments-Abuse of Power; 3) Fourteenth Amendment-Negligence; and 4) Fourth, Fifth and Fourteenth Amendments-Brady Violation.

The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409 (1976) held that prosecutors are entitled to absolute immunity from liability in suits under § 1983 when performing the traditional functions of an advocate.  Fredin's allegations against Christie are nothing other than rambling accusations against the prosecutor in two underlying criminal cases in Ramsey County where Fredin is the Defendant.  The Court should deny Fredin's motion to amend his complaint to add claims against Christie because Christie is entitle to absolute immunity, therefore, such amendments are futile.

---

[1] In Fredin's Motion for Leave to File Second Amended Complaint he alleges that on April 25, 2018, McCabe filed a sealed affidavit admitting that the April 28, 2017, execution of the search warrant on his home was done to procure evidence in two civil cases related to this action.  Fredin is referencing two sentences in an April 28, 2017, police report that was included in his Memorandum of Law in Opposition to McCabe's Motion to Dismiss or in the Alternative for Summary Judgement.  [Doc. No. 71.]  Fredin argues this new evidence supports his claims alleged against McCabe.  The language contained in the police report states: "SPPD assisted Hudson PD with a search warrant recovered in that warrant was a number a [sic] electronic devices.  The warrant was done at the direction of the SPCA to obtain/preserve evidence of this case and other pending cases."  *Id.*  Contrary to Fredin's assertion there is no statement about *procuring evidence in two civil cases related to this action.*"  *Id.*

6

B.     **Pursuant to the *Younger-Abstention* Doctrine, the Claims Against Christie Are Futile.**

The claims alleged against Christie are futile because they fail as a matter of law. Christe is entitled to immunity and the application of the *Younger-Abstention* Doctrine. Pursuant to the *Younger-Abstention* Doctrine, as established in *Younger v. Harris*, 401 U.S. 37 (1971), the federal court must abstain from deciding this case. In *Younger*, the Court emphasized the importance of allowing "state courts to try state cases free from interference by federal courts." *Id.* at 44.

In order for the *Younger* abstention to apply, the following issues must be addressed: (1) whether there is an ongoing state judicial proceeding; (2) whether there is an important state interest implicated; and (3) if there has been an opportunity in the state proceeding for plaintiff to raise constitutional challenges. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 480 (8th Cir. 1998). If these are answered affirmatively, then a federal court should dismiss the action barring bad faith, harassment, or other extraordinary circumstances. *Id.* There is "a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 416 (1979) (internal citations omitted).

1.     **There is an Ongoing State Proceeding.**

In the case at hand, there is an ongoing criminal judicial proceeding in state court for charges alleged against Fredin that are substantially related to the facts alleged in this case. A jury trial is scheduled for July 9, 2018.

7

### 2. Criminal Law is an Important State Interest.

While the *Younger* doctrine has expanded to include other state interests, it originally was exclusively applied to criminal proceedings. *Younger*, 401 U.S. 37 (1971). The underlying and ongoing criminal case is the important state interest that the *Younger* doctrine was formed to protect.

### 3. An Opportunity to Raise Constitutional Challenges is Available in the State Proceeding.

Fredin has the opportunity to raise constitutional challenges in his underlying criminal case which are the same as alleged in his Second Amended Complaint. It would not matter if the challenges had actually been raised, as long as there is an opportunity to do so. *Moore*, 442 U.S. at 426-27 ("The pertinent issue is whether appellees' constitutional claims could have been raised in the pending state proceedings."). "Abstention is appropriate unless state law clearly bars the interposition of the constitutional claim." *Id.*

In the underlying criminal case, Fredin may raise constitutional challenges, and depending upon the outcome of the case, he may appeal any state court constitutional decisions to the Minnesota Court of Appeals. The *Younger* requirements are met when there is an opportunity to raise these issues at the state court level.

Here, the *Younger* requirements are meant to prevent the federal court from interfering in the ongoing state criminal matter. Thus, the Court should refrain from permitting Fredin to involve the federal court in the underlying and ongoing criminal matters.

### C. THE NEW EVIDENCE ALLEGED BY FREDIN DOES NOT CORRECT HIS DEFICIENT PLEADING.

Fredin alleges in his Second Amended Complaint that one sentence in a police report authored by McCabe and attached as an exhibit to McCabe's Motion to Dismiss corroborates Fredin's claim that McCabe was using the April 28, 2017, search warrant for an improper purpose. The sentence referenced by Fredin is: "[t]he warrant was done at the direction of the SPCA to obtain/preserve evidence of this case, and **other pending cases.**" (Emphasis added). Fredin specifically points to the words "**other pending cases**" as evidence that McCabe used the search warrant for the unlawful collateral purpose of attempting to procure evidence on behalf of Defendant Middlecamp in her civil HRO proceeding against him.

McCabe addressed Fredin's allegations of new evidence in the Reply Memorandum. [Doc. No. 78.] The allegation of new evidence in his Second Amended Complaint neither changes the outcome of the claims alleged against McCabe; nor does the "new evidence" change the facts that the search warrant was signed by a neutral judge finding there was probable cause to support the search warrant. Fredin has alleged no facts to support his conclusion that "other pending cases" meant evidence related to Middlecamp's civil case. Fredin concluded that because McCabe never told him he was investigating other cases related to the search warrant, that McCabe abusing his power. Fredin's allegations are mere speculation. It is highly unlikely that any criminal investigator would reveal what evidence he was looking for to support possible criminal charges against a suspect.

9

Fredin fails to support his allegations with anything but conclusory statements. Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly*, 5550 U.S. at 555.  Because Fredin's alleged new evidence would not survive a Rule 12(b)(6) motion to dismiss, the proposed amendments are futile and his motion for leave to amend his complaint should be denied.

## CONCLUSION

Based upon the foregoing arguments, and all the files, record, evidence, and documents submitted in this case, McCabe respectfully requests this Court deny because of futility, Fredin's motion for leave to amend his Complaint to add additional allegations and parties to this lawsuit.

Dated:  June 29, 2018                                   LYNDSEY M. OLSON
                                                        City Attorney


                                                        *s/Judith A. Hanson*
                                                        JUDITH A. HANSON, #207408
                                                        Assistant City Attorney
                                                        *Attorneys for Defendant David E. McCabe*
                                                        750 City Hall and Court House
                                                        15 West Kellogg Boulevard
                                                        Saint Paul, MN 55102
                                                        Telephone: (651) 266-8727
                                                        Email: *judy.hanson@ci.stpaul.mn.us*