# Brock Fredin

1905 Iris Bay ● Hudson, WI 54016 ● Phone: (415) 283-8366 ●
E-Mail: brockf12@gmail.com

Date:  July 5, 2018

**BY ECF AND CERTIFIED MAIL**

Hon. Magistrate Judge Hildy Bowbeer
United States District Court
316 Robert St N
Saint Paul, MN 55101

Re:   *Fredin v. Clysdale et al.,* Case No. 18-cv-510-SRN-HB
         *Fredin v. Miller et al.*, Case No. 18-cv-466-SRN-HB

Dear Judge Bowbeer:

I write to briefly respond to Defendants motions dated June 29, 2018 concerning Defendants motion to dismiss. Unfortunately, Defendant Schaefer is attempting to flaunt the directives and Orders of this Court by making new state filings on Friday June 29, 2018 to circumvent this Court's Second Amended Complaint briefing schedule.  On or about 6PM on June 29, 2018, I was served with a new fifty (50) year HRO from Defendant Schaefer. [1] This appears to be an extension of Defendants campaign of terror directed at me.[2]

In their present motion to dismiss, state defendants have also asserted new fictitious defendants that do not exist in my proposed Second Amended Complaint.  Admittedly, I made a technical error and filed the wrong red-line version.  This deficiency is cured within my latest docket entry. (*See* Docket 84.)   Most importantly, state defendants were well aware this was an error and made no action to notify in good-faith.  As an initial matter, state defendants have also falsely alleged in their reply papers that I failed the meet-and-confer requirements.  I conducted two conference calls and sent two red-line versions.  On June 14, 2018 I attempted to schedule a conference call with state defendants in good-faith.  Instead, Ms. Hanson and Ms. Huyser both declined a conference

---

[1]   Defendant Schaefer alleged that the fabricated police reports she herself filed were allegedly posted on the Internet..  Instead of attempting to contact my attorney and illicit reasonable feedback or mediation, Defendant Schaefer filed yet another contempt hearing and a fifty (50) year HRO alleging that this this violated her present two (2) year HRO.  After *In camera* review, it was discovered that these reports are public documents and do not defame or identify her.  This filing appears to be yet another act of retaliation against me and the personal service was recorded:  https://drive.google.com/open?id=1ht31FLDfrXt6Jju9W_ErIEzjWH-IxjEA

[2]   During this service, it is also discovered that Defendant Middlecamp, Miller, and Schaefer have all timed fifty (50) year HRO's filings directed at me over the same time period. The timing of the Friday filing and military style service seems to be another malicious coordinated attempt to match the reply deadline in this instant lawsuit.

call in what appears to be a coordinated effort to deliberately stymie compliance with LR 7.1. And, Ms. Hanson claimed I made no attempt to reschedule a call. Ms. Hanson purposefully unavailed herself through June 15, 2018 (the deadline for filing) in her email. Thus, mooting any potential reschedule. To their credit, I completed a conference call with remaining defendants in good-faith.

Previously, state defendants acted in bad-faith to moot my preliminary injunction to enjoin the improper civil enforcement hearings over alleged constitutionally protected First Amendment activity by recusing various judges and issuing inconsequential Orders in desperate attempts to invoke *Rooker-Feldman* and *Younger Abstention*.

Therefore, I must respectfully request to moot the current pending motion requesting leave to file a Second Amended Complaint and request leave to incorporate Defendant Schaefer's new fifty (50) year HRO order. This evidence is critical to assert a new abuse of process claim as Defendants are repeatedly making bogus state filings to harass, intimidate, and cause undue burden in clear attempts to collaterally attack and stop this lawsuit from going forward at any cost. (*See* Ex. 1.) I am mindful of the Court's directive to prevent "a moving target". (*See* June 6, 2018 Hearing Tran.) However, the "target" is moving only due to the burdensome prejudicial actions repeatedly initiated by Defendants.

I am trying to keep up with Defendant Schaefer, Miller, and Middlecamp's overwhelming vexatious litigation supported by their improper framework of *pro bono* lawyers organized by Defendant Middlecamp's quid-pro-quo schemes.[3]  *See In re Nance HUTTER, Debtor.* 207 B.R. 981 (Bkrtcy. D. Conn. 1997)  ("The [use] of a pro bono attorney to a person who claims that the market value of her equity interest in property is $500,000.00 would be a travesty. [*Pro bono* lawyers] intended to assist indigent debtors, not those who live in million dollar homes with a pool on four acres of suburban land.")  Here, Defendant Middlecamp, Schaefer, and Miller are wealthy, Ivy-league educated, and very powerful women.[4]  In another strange twist, K. Jon Breyer attempted to practice law in Wisconsin without a Wisconsin law license in violation of Minnesota Rules of Professional Responsibility Rule 5.5. This appears to be yet another scheme to intimidate, harass, and retaliate against me.

Defendant Schaefer appears to have coordinated her state filing on Friday June 29, 2018 just hours after to reconcile with state defendants federal filing in this case. Defendant Schaefer made this state filing requesting a fifty (50) year HRO without any fundamental legitimate legal basis as explained in greater detail above.

Based on the seriousness and length of Defendants coordinated fifty (50) year HRO's, I respectfully request one (1) to four (4) days to file a Second Amended Complaint that incorporates this evidence and offer Defendants an opportunity to complete a new meet-and-confer. I am very

---

[3] Defendant Miller, Schaefer, and Middlecamp have multiplied eight (8) separate and unique cases totaling over fifty (50) hearings/proceedings. I have never even filed a non-dispositive motion let alone a lawsuit until making one federal filing July/August 2017.

[4] Defendant Miller is a commander of the 934 AirLift Wing and Defendant Middlecamp is now a Special Assistant United States Attorney. Defendant Miller previously was a mentor to Rhode Scholar Students at the United States Air Force Academy.

mindful of providing Defendants an opportunity to reply within four (4) to seven (7) days. I thank the Court's for its attention to this matter and its continued courtesies.

## BACKGROUND

The following facts are related to Plaintiff's leave to file a Second Amended Complaint.

- This Court provided a firm deadline for filing the Second Amended Complaint on June 15, 2018. Plaintiff diligently met the requirement by filing a brief motion with a redline version and a clean copy of the Second Amended Complaint. Admittedly, Plaintiff made a technical error and filed the wrong redline version. Plaintiff corrected the filing error in docket 84.

- On June 28, 2018 Defendant Schaefer through her *pro bono* attorney Peter R. Mayer emailed Plaintiff's attorney to assert a collateral attack on this lawsuit by attempting to leverage a fifty-year HRO to dismiss this suit. (*See* Ex. 1.)

- On June 29, 2018 Plaintiff was served with an *ex parte* fifty-year HRO. A contingent of heavily armed Saint Croix County deputies wearing what appears to be heavy Kevlar gear showed up at Plaintiff's long-term girlfriend's home in Baldwin, Wisconsin. Despite attorneys agreeing to accept personal service through e-filing, Defendant Schaefer and state defendants escalated the intensity of the situation by invoking a heavily armed service. This was terrorizing and intimidating to children present in the home. (*See* https://drive.google.com/open?id=1ht31FLDfrXt6Jju9W_ErIEzjWH-IxjEA)

## GOVERNING STANDARD

A district court should freely give leave to a party to amend its pleadings when justice so requires, Fed. R. Civ. P. 15(a). A decision whether to allow a party to amend

their complaint is left to the sound discretion of the district court and should be overruled only if there is an abuse of discretion. *See Bell v. Allstate Life Ins. Co*., 160 F.3d 452, 454 (8th Cir.1998).

Under Federal Rule of Civil Procedure 16(b), Plaintiff needs to show cause in order to be given leave to amend. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F. 3d 952 (Court of Appeals, 8th Circuit 2002) (holding that a motion to amend moots Defendants motion to dismiss). *See Standard Chlorine of Delaware, Inc. v. Sinibaldi,* 821 F.Supp. 232, 239-40 (D.Del. 1992) (holding that the plaintiff's filing of an amended complaint rendered the defendants' motion to dismiss the original complaint moot)

## ARGUMENT

Plaintiff brought this action in February 2018 to seek redress and put an end to a nearly three (3) year campaign of state-sponsored harassment, retaliation, and bad faith litigation levied against him by Defendants. On June 29, 2018 Defendant Schaefer filed a fifty (50) year HRO which was granted by Judge Patrick C. Diamond. Judge Patrick C. Diamond enabled the fifty (50) year HRO by *sua sponte* granting a contempt order using evidence from previous motions that had been denied four times. Using the same evidence, the Saint Paul City Attorney's Office also declined criminal charges at least twice. This appears to be an attempt to escalate Defendants scheme to harass and intimidate Plaintiff.

A. Plaintiff Complied with Local Rule 7.1 (A) and Fed. R. Civ. P. R. 15(A)(2) in Good-Faith and Cured Any Deficiencies

As an initial matter, Plaintiff met the required local rule 7.1(A) by conducting two meet-and-confer's with Defendants by scheduling two conference calls and repeatedly setting up meetings to share a clean copy of the Second Amended complaint and **a red-line version**:

1. On May 21, 2018 scheduling a conference call with Alethea M. Huyser, Judy Hanson, Adam C. Ballinger and Jon Breyer to discuss the Second Amended Complaint.

2. On May 24, 2018, holding a conference call to discuss the Second Amended Complaint.

3. On June 14, 2018 scheduling a call to discuss the Second Amended Complaint

4. On June 15, 2018 sending a redline and clean copy of the proposed Amended Complaint.

5. On June 15, 2018 holding a call with Adam C. Ballinger to discuss the redlined and proposed version of the Second Amended Complaint.

6. On June 15, 2018 receiving an email from Judy Hanson and Alethea M. Huyser declining a conference call on the Second Amended Complaint.

In Defendant McCabe's opposition to Plaintiff's Motion for leave to file Second Amended Complaint, Judy Hanson alleges:

"Counsel for McCabe told Fredin that she was unavailable to meet and confer on June 15, 2018.  There was no attempt by Fredin to set an alternative time to meet and confer … Fredin did not meet and confer in good faith as required by LR 7.1(a).  The meet and confer statement filed by Fredin indicating that the undersigned counsel for McCabe declined a conference, is a misstatement of the facts. [Doc. No. 81.]"

(*See* Def. McCabe's Opp ¶¶ 1-2.)  Ms. Hanson purposely fails to admit that she did in fact decline the meet-and-confer.  On June 14, 2018 Ms. Hanson replied to Plaintiff's attempt to schedule a conference call by emailing a decline:



(*See* Ex. 2.)  Furthermore, Ms. Huyser also declined a meet-and-confer:



Upon information and belief, any reasonable person would construe this to be a decline given the June 15, 2018 deadline.  In fact, Ms. Hanson and Huyser never attempted to update Plaintiff on their availability prior to the meet-and-confer or even thereafter.  Ms. Hanson knew that by refusing the meet-and-confer she would be able to use the June 15, 2018 deadline as a mechanism to claim that Plaintiff failed to meet the local rule obligation. Instead, Ms. Hanson used this petty legal tactic and filed an opposition in bad-faith to mischaracterize her refusal to meet and thwart Plaintiff's good-faith actions to fulfill the meet-and-confer local rule 7.1 and obtain relief from what appear to be Defendant McCabe's unlawful swat raid to procure evidence in civil cases.

Furthermore, On April 25, 2018 Ms. Hanson improperly sealed Defendant McCabe's affidavit to limit public admissions of what appears to be an unlawful swat raid. This prejudiced Plaintiff by requiring him to physically pick-up the affidavit directly from Ms. Hanson and scan each individual document.  Furthermore, due to extensive document review required, Plaintiff was unafforded the opportunity to include this evidence in *Fredin v. Middlecamp* when he appealed the Report and Recommendation denial of the abuse of process claim.

Ms. Hanson further alleges "The proposed pleading additionally violates Fed. R. Civ. P. 8(a)(2), which requires a complaint to set forth 'a short and plain statement of the claim' entitling Plaintiff to relief." (*See Id* at ¶ 2.)  Plaintiff respectfully disagrees and has taken significant efforts to compromise with this Court and Defendants to include sufficient factual developments in short plain statements and reduce the number of claims asserted.

Ms. Hanson continues that "Fredin proposes to add additional defendants." (*See Id* at ¶ 2.)  This is simply untrue.  Ms. Hanson is referring to fictitious defendants that do not exist and have never existed in this iteration of the Second Amended Complaint.  Plaintiff made a technical error by filing an erroneous red-line version which was cured in [docket 84].  It bears noting, this was the first time Plaintiff had filed a red-line version.  Ms. Hanson is attempting to intentionally mischaracterize the Second Amended Complaint.  Plaintiff originally provided Ms. Hanson a clean copy of the Second Amended Complaint in [Docket 80-1] via email:



In this proposed Second Amended Complaint, Plaintiff does not add new defendants:



During this period, Defendants attempted to use state court to harass and deflect Plaintiff's attention to limit his ability to focus on the Second Amended Complaint.  For example, state defendants indirectly issued an improper May 22, 2018 Order and scheduled two or three hearings to deflect Plaintiff's attention in continued efforts to financially bankrupt Plaintiff with vexatious based legal fees.

On June 15, 2018 Plaintiff provided a clean copy and red-line version to Defendants. Plaintiff attempted to schedule a second conference call with state defendants.  State defendants purposefully abstained and refused to meet.  (*See* Ex. 2.)  Plaintiff also maintained constant email communication.  To his credit, Adam C. Ballinger conducted a meet-and-confer conference call on behalf of Defendant Schaefer, Miller, and Middlecamp on June 15, 2018.

Plaintiff cured any deficiencies in his latest docket entry.  (*See* Docket 84.)  *See also The John Ernst Lucken Revocable Trust v. Heritage Bankshares Group, Inc,* 16-cv-40015 (N.D. Iowa 2017) (holding "that a motion to amend is granted **when plaintiffs attached a "redlined" version of their amended complaint**. (Doc. 33-1). The "redlined" version of the Second Amended Complaint shows the intended changes and is accompanied by a summary of new evidence submitted to support plaintiffs' motion to amend. (Doc. 33-3). The summary of new evidence lays out the new evidence and cross-references the paragraphs added in the amended complaint to incorporate the new factual allegations. (Id.). Defendants do not resist this motion.")

Ms. Huyser filed an opposition confirming this "Neither Plaintiff's Motion to Amend, nor his clean Proposed Second Amended Complaint includes claims against any additional State Defendants."  (*See* State Opp. ¶ 5.)  Ms. Huyser alleges "the redline Second Amended Complaint provided does not relate to either the current operative complaint or the current Proposed Second Amended Complaint.  (*See Id* at ¶ 3.)  Again, Plaintiff made a simple mistake that will not happen again, took responsibility, and cured the deficiency with [docket 84].  Thus, Plaintiff has not added new defendants.

B.  <u>Plaintiff must Moot the Current Motion and Requests Leave to File a New Second
Amended Complaint to Incorporate Defendant Schaefer's Fifty (50) Year HRO</u>

On June 29, 2018 Defendant Schaefer filed a fifty (50) year HRO which was improperly
granted *ex parte* by Judge Patrick C. Diamond.

Given new developments, Plaintiff must moot the current motion and incorporate
this evidence.  This new evidence does account for the continued harassment and
intimidation by Defendants, including filing two fifty (50) year HRO's for the collateral
objective of dismissing this lawsuit and state appeals.  Plaintiff requests one (1) to seven
(7) days or a shorter period to file a Second Amended Complaint that would give
Defendants an opportunity to file their dismissal replies with seven (7) days.  *See Elma J.
Augustine v. United States of America, et al*., 13-cv-1417 (D. Minnesota 2014) (granting a
motion to amend when additional factual allegations in support of claims are found.).

The determination as to whether to grant leave to amend is entrusted to the sound
discretion of the trial court.  *See Niagara of Wis. Paper Corp. v. Paper Indus. Union Mgmt.
Pens. Fund*, 800 F.2d 742, 749 (8th Cir. 1986).

C.  <u>Plaintiff Has Good Cause Showing Pursuant to Fed. R. Civ. P. R. 16(B) and Must
Assert a new Abuse of Process Claim Over This Fifty Year HRO</u>

As described above, on June 28, 2018 Defendant Schaefer's lawyer, Peter R. Mayer, admitted
to using the bogus fifty (50) year HRO as leverage to dismiss this instant suit and any state appeals
in an email to Plaintiff's lawyer: "In the meantime, I look forward to hearing about your client's
willingness to reach some kind of an agreement that dismisses his pending appeal and removes the
need for the July 9 hearing."

This constitutes an abuse of process.  *See Muller v. Barton*, 13-CV-2523 (E.D. Mo.
2014) (holding that a state court suit was filed "solely to harass and intimidate" a plaintiff
where a **motion to amend the complaint was granted** to include an **abuse of process**
claim.)

Based on this admission, and prior public discloses of "coached" HRO's from
Defendant Schaefer, it also appears that Defendant Miller's and Middlecamp's fifty (50)

year HRO request is used for the same collateral purpose.  *See Hanson v. Hancock County Memorial Hosp.,* 938 F. Supp. 1419 (N.D. Iowa 1996). (holding that **abuse of process** may be found when [legal process] is … used to attain a collateral objective beyond that anticipated by the process.).

For these reasons, Plaintiff has plausible alleges a new claim for abuse of process. This remains particularly relevant considering the severity and length of the HRO which will likely escalate to a lifetime of Defendants harassment and intimidation.  Furthermore, Plaintiff has done nothing that would enable such an HRO.  Once again, the weight of evidence continues to show very clearly the only victim is Plaintiff.

I.    <u>Defendant Middlecamp also Indicated this Abused Legal Process by Previously Requesting a Fifty (50) year HRO to Harass and Intimidate Plaintiff</u>

Defendants extensive pattern of litigation citing false affidavits, police reports, and statements constitutes an abuse of process.  Here, Defendant Middlecamp filed a fifty-year HRO in December 2017 request alleging *inter alia* that the use of her home address in *Fredin v. Middlecamp* was an HRO violation.  Instead, Referee Elizabeth A. Clysdale in a scheme with Lindsey Middlecamp directed Plaintiff's arrest as he was innocently and quietly speaking to his family moments after the preliminary contempt hearing on January 4, 2018.[5]  This appears to be yet another act in furtherance of the conspiracy to block any scrutiny of state defendants misconduct which includes issuing improper HRO's to women Plaintiff had never met, spoken to, or knew (prior to the state court actions).  Defendant Middlecamp's request for a fifty (50) year HRO was denied in February or March 2018. This request, however, also constituted a pattern of abused legal process.  *See Herr v. Cornhusker Farms*, 15-CV-174 (D. North Dakota 2017) (granting a motion to amend a complaint when an **abuse of process** claim survives a motion to dismiss or summary judgement.)

_____

I thank the Court's for its attention to this matter and its continued courtesies.

Respectfully submitted,

/s/ Brock Fredin

Brock Fredin

cc:    K. Jon Breyer (by ECF)
       Adam C. Ballinger (by ECF)
       Alethea M. Huyser (by ECF)
       Judy Hanson (by ECF)

# EXHIBIT 1

State of Minnesota
Ramsey County

District Court
Second Judicial District
Court File Number: 62-HR-CV-18-527
Case Type: Harassment

---

Notice of Filing of Order

**Catherine Marie Schaefer** vs **BROCK WILLIAM FREDIN**

You are notified that on 6/29/2018 the attached order was filed.

Dated: 6/29/2018

Tama L. Hall
Court Administrator
Ramsey County District Court
25 West Seventh Street
St Paul MN 55102
651-266-5130



SERVED _____ Brad Fredin
BY SERVING ___ In person
RELATIONSHIP _____ self
AGE IF CHILD _____
IN THE ___ Village ___ OF ___ Baldwin
ST CROIX COUNTY WISCONSIN ON
THE __ 29 __ DAY OF ___ June ___, 2018
AT __ 1755 __ HOURS ___ MILES _____

SHERIFF
By ___ D Wells
Deputy Sheriff

# State of Minnesota                                             District Court

| County of: | Judicial District: | Second |
|------------|--------------------|--------|
| Ramsey | Court File Number: | |
| | Case Type: | Harassment |

### Petitioner's Affidavit and Petition for Harassment Restraining Order
#### (Minn. Stat. §609.748)

| **Petitioner** | | **Respondent** |
|---|---|---|
| Name (first, middle, last): Catherine Marie Schaefer | | (Person harassing you or your minor child): Name (first, middle, last): Brock William Fredin |
| Address: Confidential | | Address: 1905 Iris Bay Hudson, WI 54016 |
| Date of Birth: 07/18/1984 | vs. | |
| On behalf of: (names of minor children who are victims of harassment and their dates of birth) Name:   DOB: | | Date of Birth: 12/12/1983 |
| Name:   DOB: | | (if DOB unknown, approximate age) |
| Name:   DOB: | | |

I understand that I must tell the truth. I state that:

1. I am the Petitioner in this case. The victim of the harassment is  ☒ me  ☐  a minor child for whom I am the parent, legal guardian or stepparent. (If you are the guardian, attach a copy of the order appointing you.) The name of each victim, other than me, is:

   _____

   How does each victim know the Respondent and what is their relationship?
   I met Brock on a dating site in 2014.  He harassed me for the following two years and I was successful in getting a harassment restraining order against him in November 2016. He has since violated that order several times and we have met in court.

   If you are filing on behalf of another person, what is your relationship to each victim?

   _____

2.  a) How many restraining orders have been effect, ordering Respondent to stay away from the victims you included at #1 above?

○ none    ◉ one    ○ two or more

For each restraining order provide:

| Court File Number, if known | County and State where the court is located |
|---|---|
| 62-HR-CV-16-411 | Ramsey, Minnesota |
|  |  |
|  |  |
|  |  |

b) Does Respondent have a current Harassment Restraining Order or Order for Protection against you?

○ Yes, Case File Number (if known) _____

◉ No, I am not aware of any.

3. The following court cases involve me and the Respondent in issues of child custody or parenting time.

| Court File Number | County and State where court is located |
|---|---|
|  |  |
|  |  |
|  |  |

4. Respondent has harassed the victim(s) as follows:

- *Check all boxes that apply and give date and details of each incident.*
- *To get a Restraining order, you must describe actions that meet the legal definition of harassment in Minnesota. See the Instructions for the definition of harassment.*
- *If you need more space, attach a full sheet of paper and continue your description there. Do not write on the back.*

☐ Respondent physically or sexually assaulted the victim as follows:

_____

☒ Respondent has followed, pursued or stalked the victim as follows:

Brock has hired a skip trace on me to find out where I live and contacted my school's Title IX office.  He has also sent emails to my academic advisors in an effort to defame me.

☐ Respondent made uninvited visits to the victim as follows:

_____

☒ Respondent made harassing phone calls to the victim as follows:

I have received text messages from anonymous numbers similar to those I received from Brock previous to the restraining order. Police have tracked these numbers to a service, but were unable to find the person sending the texts.

☒ Respondent made threats to the victim as follows:

Brock has published websites and made internet posts claiming that he intends to ruin my career by defamation.

☒ Respondent frightened the victim with threatening behavior as follows:

Brock has falsely alleged that I have created revenge porn posts against him and threatened him. He sent 25 page documents alleging abusive behavior to the Title IX office at my school, resulting in an investigation. He purchased catherineschaefer.net, dorseyhq.com, lindseymiddlecamp.com, karmenmcquitty.com and websites with names attached to Grace Miller to publicly falsely accuse me of abusive behavior and making false police reports. He used my personal facebook photos on sites such as datingpsychos.com, shesahomewrecker.com, and memegenerator.net to create profiles and comment on those profiles with messages indicating I am a sexual predator.

☐ Respondent broke into and entered the victim's residence as follows:

_____

☐ Respondent damaged the victim's property as follows:

_____

☐ Respondent stole property from the victim as follows:

_____

☐ Respondent took pictures of the victim without permission as follows:

_____

☐ Respondent shared private sexual images of the victim without permission as follows:

_____

☐ Respondent used the victim's personal information, without consent, to invite, encourage, or solicit a third party to engage in a sexual act with the victim as follows:

_____

☐ More than once, Respondent has done acts that meet the legal definition of "targeted residential picketing" by:

_____

☐ I told Respondent not to come to certain public events that I or the children attend because:

_____

After that, Respondent attended public events I/we attended: (List dates, places, and name of events:

_____

These acts by Respondent show a pattern of attending public events while knowing that attending is harassing to me/children.

☐ Other:

_____

5. Describe the effect of harassment has upon the victim's safety, security or privacy:

I have had to remove my contact information from multiple university and work related forums in an effort to avoid being targeted by Brock. I've had to warn my advisors about him and tell them personal things that I otherwise would not have shared. I do not feel safe answering any unknown phone calls or responding to messages from people I don't personally know. I do not feel secure in my job and have had to hide my residence for fear that Brock will target me. Brock's efforts to dismantle my lifestyle and career have spanned four years, and resulted in financial loss and loss of work opportunities in an attempt to find safety.

6. Do you believe the harassment will continue? Why?

This harassment began in 2014 when Brock only had my name and phone number. It has since escalated to regular harassment involving my friends, my colleagues, and officials at my school. He has stated on his websites that he has used my court testimony in an attempt to dismantle my career. Multiple violations have been found on my previous restraining order, and he continues to falsely file court documents to draw me into further hearings, which have been dismissed.

7. I ask the Court to issue a Restraining Order as follows: Check all boxes *(a through e)* that apply.

☒ a. Respondent shall not harass  ☒ me ☐ minor children for whom I am the parent, legal guardian, or stepparent. List the full names of the minor children included in this Petition.

_____

☒ b. Respondent shall have no contact with ☒ me ☐ minor children listed above.

☒ c. Respondent shall stay away from where I/we live (address)

confidential
_____

☒ d. Respondent shall stay away from my/the victim's job site located at (address)

The Pennsylvania State University, University Park Campus
_____

☒ e. Other:

Respondent shall not contact  individuals related to my work, or make publicly visible postings about me, or any posts containing any personal information related to me.

8. Court Hearing

Petitioner: Read these Notices about a Hearing

- You have a right to request a court hearing.
- If the Judge dismisses your case because it has no merit, no hearing will be held.
- The Judge can issue a Restraining Order <u>without</u> a court hearing if the Judge finds there is immediate and present danger of harassment.

- If the Judge issues a Restraining Order without a hearing, the Respondent can request a hearing within 20 days of the date the Restraining Order is issued. If Respondent requests a hearing, the court will notify you by mail at least five days before the hearing date.
- If there is a hearing, you must attend the hearing and prove that the statements in your Petition & Affidavit are true, and that Respondent's actions are harassment, as defined by Minnesota law.

*Choose a. or b.*

☒ a. I am not requesting a court hearing at this time.

But if the court denies my request for a restraining order because the court finds there is no immediate and present danger of harassment, then (check one)

☒ I <u>want</u>     ☐ I <u>don't want</u>  a court hearing.

OR

☐ b. I am requesting a court hearing.

9. I request a Restraining Order for a length of:

☐ 2 years

☐ Until the following date, _____ , which is less than 2 years from today.

☒ Up to 50 years because:

☐ I have two or more prior restraining orders against Respondent (listed at #2 above.)

☒ Respondent has violated prior or existing restraining order between us on two or more occasions.

**I understand the court will likely schedule a court hearing for any request over 2 years.**

I declare under penalty of perjury that everything that I have stated in this document is true and correct.  Minn. Stat. § 358.116.

Dated: <u>06/27/2018</u>

<u>Ramsey County, MN</u>
County and State where signed

/s/ Catherine Schaefer
Signature

Name: <u>Catherine Marie Schaefer</u>

Address: <u>Confidential</u>

City/State/Zip: _____

Telephone: _____

E-mail address: _____

*Notice: If your address or telephone changes, you must give Court Administration your new information right away, in writing.*

In the meantime, I look forward to hearing about your client's willingness to reach some kind of an agreement that dismisses his pending appeal and removes the need for the July 9 hearing.

Best,
Peter

Peter R. Mayer
Associate
DORSEY & WHITNEY LLP
P:612.492.6751  F: 612.677.3462

CONFIDENTIAL COMMUNICATION

# EXHIBIT 2

**Brock F** <brockf12@gmail.com>
to jon.breyer, Adam, Alethea, Judy

Jun 14

Please advise when you are able to meet-and-confer per the Court's local rules on Friday June 15th, 2018. I will send a send a red-line version of the second amended complaint by close of business today.

**Hanson, Judy (CI-StPaul)**
to me, jon.breyer, Adam, Alethea

Jun 14

I am out on Friday and not available for a meet and confer. Judy



Mr. Fredin,

Upon arriving to my office today, I received the redline you circulated at approximately 2:00 a.m. this morning. Due to the length of the document (over 197 pages in total, most of which is new inserted "redline"), neither me nor my client are in a position to engage in any kind of meaningful meet and confer today.

Thank you,
Leah

Tel: (651) 757-1243



**Brock F** <brockf12@gmail.com>
to Judy, jon.breyer, Adam, Alethea ▾

Per local Court rules, attached is the clean and red line copy.  As a courtesy, I am available anytime Friday June 15th, 2018 to meet-and-confer.  I did not receive any acknowledgement of my prior email seeking to meet-and-confer.  Thus, I will assume this has been declined.

Brock Fredin

📄 second amended...        📄 redline.pdf