# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

BROCK FREDIN,

                Plaintiff,

      --against--

ELIZABETH A. CLYSDALE,
DAVID E. MCCABE,
GRACE ELIZABETH MILLER,
CATHERINE MARIE SCHAEFER,
LINDSEY MIDDLECAMP,

                Defendants.

Case No.  18-cv-510-SN-HB

**DECLARATION OF
BROCK FREDIN IN SUPPORT OF
REPLY TO FILE A SECOND AMENDED
COMPLAINT**

---

BROCK FREDIN hereby declares and states as follows:

1.      I am the Plaintiff in the above-captioned proceeding.  I submit this declaration in support of my July 6, 2018 reply in support of Plaintiffs' motion for leave to file a second amended complaint based on newly discovered evidence and other ancillary relief.  I make this Declaration based upon my personal knowledge, unless otherwise stated.

2.      Attached hereto as Exhibit 1 is a true and correct copy of Lindsey Middlecamp's April 14, 2017 *ex parte* HRO petition.

3.      Attached hereto as Exhibit 2 is a true and correct copy of Catherine Schaefer's April 5, 2017 Order to Show Cause.

4.      Attached hereto as Exhibit 3 is a true and correct copy Nykee Younghans April 25, 2017 email delivering my Hudson, Wisconsin Address to law enforcement to serve Referee Elizabeth A. Clysdale's court process.

5.      Attached hereto as Exhibit 4 is a true and correct copy of Affidavit of Service filed in *Middlecamp v. Fredin*, Case No. 62-HR-CV-17233 and *Schaefer v. Fredin*, Case No. 62-HR-CV-16411 executed during the April 28, 2018 swat raid of my home.

6.      Attached hereto as Exhibit 5 is a true and correct copy of Affidavit of Non-Service filed in *Middlecamp v. Fredin*, Case No. 62-HR-CV-17233 and *Schaefer v. Fredin*, Case No. 62-HR-CV-16411 executed directly before the April 28, 2018 swat raid of my home.

7.      Attached hereto as Exhibit 6 is a true and correct copy of a General Order in a Harassment Restraining Order case filed on April 28, 2017 by Referee Elizabeth A. Clysdale on the same day as the April 28, 2017 swat raid.

8.      Attached hereto as Exhibit 7 is a true and correct copy of attorney letters on behalf of Nathan Hansen and Peter R. Mayer.

9.      Attached hereto as Exhibit 8 is a true and correct copy of a May 4, 2017 contempt hearing transcript in *Schaefer v. Fredin*.

10.      Attached hereto as Exhibit 9 is a true and correct copy of a September 21, 2017 final order in *Middlecamp v. Fredin*, Case No. 62-HR-CV-17-233.

11.      Attached hereto as Exhibit 10 is a true and correct copy of a November 17, 2016 final order in *Schaefer v. Fredin*, Case No. 62-HR-CV-16-411 where Catherine Schaefer relied on false text message and fabricated now known to be irrefutably false allegations to allege unwanted contact.

12.      Attached hereto as Exhibit 11 is a true and correct copy of a supporting narrative by Nquoa Yang regarding Referee Elizabeth A. Clysdale's directive to arrest me on January 4, 2018.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1786 that the foregoing is true and correct.  This declaration was executed on May 16, 2018 in Hudson, Wisconsin.

_____
BROCK FREDIN

# EXHIBIT 1

**FILED**

| State of Minnesota | APR 1 4 2017 | District Court |
|---|---|---|
| County of Ramsey | BY _____ DEPUTY | Judicial District: Second |
| | | Court File Number: (62HRCV17232 |
| | | Case Type: Harassment |

## Petitioner's Affidavit and Petition for Harassment Restraining Order
(Minn. Stat. § 609.748)

| Petitioner | Respondent |
|---|---|
| Name: Lindsey Middlecamp | (Person harassing you or your minor child): |
| Address: Confidential | Name: Brock Fredin |
| | Address: 1180 Grand Ave, Apt 2 |
| Date of Birth: 06/22/1986 | St. Paul, MN 55105 |
| On behalf of: (names of minor children who are victims of harassment and their dates of birth)      vs. | |
| Name:                    DOB: | |
| Name:                    DOB: | Date of Birth: 12/12/1983 |
| Name:                    DOB: | (if known, or approximate age) |

STATE OF MINNESOTA          )
COUNTY OF __RAMSEY__        ) SS
_(County where affidavit is signed)_

I understand that I must tell the truth. I state that:

1. I am the Petitioner in this case. The victim of the harassment is ☒ me ☐ a minor child for whom I am the parent, legal guardian or stepparent. (If you are the guardian, attach a copy of the order appointing you.) The name of each victim, other than me, is __N/A: filing on my own behalf.__

   How does each victim know the Respondent and what is their relationship? __See Below.__

   If you are filing on behalf of another person, what is your relationship to each victim? __N/A: filing on my own behalf.__

2. a) How many restraining orders have been in effect, ordering Respondent to stay away from the victims you included at #1 above? ☒ none ☐ one ☐ two or more. For each restraining order provide:

# EXHIBIT 2

**State of Minnesota**

Ramsey County

**District Court**

| | |
|---|---|
| Judicial District: | Second |
| Court File Number: | 62-HR-CV-16-411 |
| Case Type: | **Harassment** |

Catherine Schaefer
Petitioner

vs.

Brock Fredin
Respondent

**Affidavit and Order to
Show Cause for Contempt (Harassment)
(Minn. Stat. § 609.748, subd. 6(i))**

STATE OF PENNSYLVANIA )
) SS
COUNTY OF _Centre_ )

(County where Affidavit signed)

**FILED**

APR 0 5 2017

BY _____ DEPUTY

I, Catherine Schaefer, Petitioner, state the following:

1. I am a psychology graduate student at Pennsylvania State University and a former resident of Minnesota.

2. On November 17, 2016, after a full evidentiary hearing, Referee Elizabeth Clysdale granted my Harassment Restraining Order against Respondent, Brock Fredin, to remain in full effect until November 17, 2018.

# EXHIBIT 3

## Younghans, Nykee

| | |
|---|---|
| **From:** | Younghans, Nykee |
| **Sent:** | Tuesday, April 25, 2017 11:02 AM |
| **To:** | 'Christy Brewers'; 'Mary' |
| **Subject:** | Please attempt service upon respondent |
| **Attachments:** | Affidavit-Other.pdf; Order to Show Cause.pdf; MINCONF2 Law Enforcement Information Sheet.tif |

Updated address on page 2 of law enforcement info sheet.

Thank you

*Nykee Younghans*

Court Operations Supervisor
Second Judicial District Court
Domestic Abuse/Harassment Office
25 W. 7th Street Rm 8122
Saint Paul, MN 55102
651-266-5192 (phone)
651-266-5140 (fax)
Visit our website

# FILED

APR 2 5 2017

By _____ Deputy

You are responsible for lawful use of this information. This email and any attachments to it may be confidential and they are intended solely for the individual or organization to which they are addressed. They may contain privileged or confidential information and should not be disseminated. If you are not the intended recipient of this email, you should

# EXHIBIT 4

Case No. 62HRCV17-233

**Brock William Fredin,**
        Defendant/Respondent.

---

STATE OF WISCONSIN )
                    )ss.
ST. CROIX COUNTY    )

        I hereby certify and return that on 4/28/2017, at the 10:42:00 AM hour, in the City of Hudson, St. Croix County, Wisconsin, I served the authenticated copy of Order Granting Petition for Ex Parte Harassment Restraining Order, Notice of Filing of Order, Important Notice to Respondent, Request for Hearing, Petitioner's Affidavit and Petition for Harassment Restraining Order on the within named defendant/respondent Brock William Fredin by then and there delivering to him a true and correct copy thereof: that I knew the party so served upon to be the identical person named as defendant/respondent in said Order Granting Petition for Ex Parte Harassment Restraining Order, Notice of Filing of Order, Important Notice to Respondent, Request for Hearing, Petitioner's Affidavit and Petition for Harassment Restraining Order, and that at the time of said service I endorsed upon the copy so served the date upon which the same was served and signed by name and added my official title thereto.

JOHN A. SHILTS, SHERIFF

By:
    James Sander, Deputy

**FILED**

APR 2 8 2017

By_____ Deputy

ATTEMPTS: 4/25/17@1750; 4/25/17@2057; 4/26/17@1425

# EXHIBIT 5

Defendant/Respondent.

STATE OF WISCONSIN )
                    )ss.
ST. CROIX COUNTY    )

I hereby certify and return that after due and diligent search, and further inquiries made by me, I am unable to locate the above named defendant/respondent, Brock William Fredin, to serve the authenticated copy of Affidavit and Order to Show Cause for Contempt (Harassment), Order, Attachments within this County, dated 4/27/2017.

JOHN A. SHILTS, SHERIFF

By: _____
    Scott Gostovich, Deputy

ATTEMPTS:   4/25/17@1750;   4/25/17@2057;   4/26/17@1425-spoke   with neighbors, defendant likely moved out

FILED

FEE SUMMARY
Service: $60.00
Attempts: $0.00

Filed in Second Judicial District Court
4/13/2017 12:55:46 PM
Ramsey County, MN

RAMSEY COUNTY SHERIFF'S OFFICE

Return # 14737
Process # C2017002284
Docket # 62HRCV16411
Reference #

STATE OF MINNESOTA }
COUNTY OF RAMSEY }
}
}
}
CATHERINE SCHAEFER } CERTIFICATE OF UNSERVED PROCESS
Plaintiff, }
- vs - }
BROCK WILLIAM FREDIN }
Defendant }

I hereby certify and return, that on the 6th day of April, 2017 at 3:33 PM, an AFFIDAVIT AND ORDER TO SHOW CAUSE FOR CONTEMPT (HARASSMENT); EXHIBOT A,B, C, D. E, F, G, H, I , J, in the above entitled action, came into my hand for service. That on the 12th day of April, 2017 at 10:50 AM, in said county, I did not serve the within documents on BROCK WILLIAM FREDIN at 1180 GRAND AVE # 2, ST PAUL, MN 55105.

**Comments**
PER GARY HIETE, HE DO NOT LIVE AT THIS ADDRESS

Date Returned 4/12/17

*Wolfen 483*

Date  04/12/17

Signed

Jack Serier
Ramsey County Sheriff

Case No. 62HRCV17-233

Brock William Fredin,
        Defendant/Respondent.

STATE OF WISCONSIN )
                                    )ss.
ST. CROIX COUNTY    )

        I hereby certify and return that after due and diligent search, and further inquiries made by me, I am unable to locate the above named defendant/respondent, Brock William Fredin, to serve the authenticated copy of Order Granting Petition for Ex Parte Harassment Restraining Order, Notice of Filing of Order, Important Notice to Respondent, Request for Hearing, Petitioner's Affidavit and Petition for Harassment Restraining Order within this County, dated 4/27/2017.

        JOHN A. SHILTS, SHERIFF



By: _____
        Scott Gostovich, Deputy

ATTEMPTS: 4/25/17@1750; 4/25/17@2057; 4/26/17@1425

FEE SUMMARY

COUNTY OF RAMSEY                                    }
                                                   }
                                                   }
                                                   }
LINDSEY MIDDLECAMP                                 }        CERTIFICATE OF UNSERVED PROCESS
        Plaintiff,                                 }
        - vs -                                     }
BROCK WILLIAM FREDIN                               }
        Defendant                                  }

I hereby certify and return, that on the **17th day of April, 2017** at 2:46 PM, an **ORDER GRANTING PETITION FOR EX PARTE HARASSMENT RESTRAINING ORDER; NOTICE; IMPORTANT NOTICE TO RESPONDENT; REQUEST FOR HEARING; PETITIONER'S AFFIDAVIT AND PETITION FOR HARASSMENT RESTRAINING ORDER; NOTICE OF FILING OF ORDER**, in the above entitled action, came into my hand for service. That on the **20th day of April, 2017** at 10:00 AM, in said county, **I did not serve the within documents** on **BROCK WILLIAM FREDIN** at **1180 GRAND AVE # 2, ST PAUL, MN 55105** .

**Comments**
PER LANDLORD HE NO LONGER LIVE AT THIS ADDRESS

**Date Returned 4/20/17**


                                   _Nhianang_ 483


                                                              **Date**  04/20/17
        **Signed**

                Jack Serier
                Ramsey County Sheriff
                By: Deputy Nhianang Lee
                425 GROVE ST
                ST PAUL, MN 55101
                Phone: (651) 266-9330

# EXHIBIT 6

**State of Minnesota**                                                                                         **District Court**

| County | | Judicial District: | Second |
| Ramsey | | Court File Number: | 62HRCV16411 |
| | | Case Type: | **Harassment** |

In the Matter of:

Catherine Schaefer
                    Petitioner(s)

                                                                                        **General Order in a**
                                                                              **Harassment Restraining   Order case**

vs.

Brock William Fredin
Respondent(s)

This came before Referee Elizabeth Clysdale for administrative review on <u>April 28, 2017.</u>

Based on the requests of the Attorney's and all of the records and proceedings in this matter, the Court makes the following:

**FINDINGS OF FACT:**

The respondent's Attorney Nathan Hansen, Esq. is correct, no testimony will be allowed by telephone. The Hearing scheduled for May 4, 2017 at 8:30 a.m. is an Admit/Deny Hearing, not an Evidentiary Hearing.  The parties are expected to participate in mediation.

**THEREFORE IT IS ORDERED THAT:**

☒ The petitioner can participate in mediation by phone and shall be available by phone on May 4, 2017 beginning at 8:30 a.m.  If an Evidentiary Hearing is necessary, one will be set at the May 4, 2017. The petitioner will need to appear in person at an Evidentiary Hearing.

THE FOREGOING ORDER IS RECOMMENDED:

Dated: **4-28-17**                                                          _Clysdale_____
                                                                              Referee of District Court

THE FOREGOING ORDER IS CONFIRMED:

Dated:_____                                            _____
                                                                              Judge of District Court

State of Minnesota                                    District Court
Ramsey County                                Second Judicial District

---

**Harassment Restraining Order**
**Notice of Filing of Order**
**62-HR-CV-16-411**

---

**PLEASE TAKE NOTICE THAT you are hereby notified that the attached Order has been filed in
this case.**

> Tama L. Hall
> Court Administrator
> Ramsey County District Court
> 25 West Seventh Street
> St Paul MN  55102
> 651-266-5130

# EXHIBIT 7



**PETER MAYER**
**Associate**
**(612) 492-6751**
**FAX (612) 677-3462**
**mayer.peter@dorsey.com**

April 27, 2017

**<u>VIA ELECTRONIC FILING</u>**

Judicial Officer Elizabeth Clysdale
Ramsey County District Court
15 W. Kellogg Blvd.
St. Paul, MN  55102

        Re:    *Catherine Schaefer v. Brock Fredin*
                Court File No.: 62-HR-CV-16-411

Dear Referee Clysdale:

        I am writing to request permission for Petitioner Catherine Schaefer to appear by telephone at the Order to Show Cause hearing in the above case.  The hearing is scheduled before you on May 4 at 8:30am in St. Paul.

        Good cause exists to support this request.  Ms. Schaefer is a graduate student at Pennsylvania State University and her studies preclude her from traveling to Minnesota for the May 4 hearing.  Because Brock Fredin's harassment has already significantly interfered with Ms. Schaefer's graduate work, it would be unfair to force Ms. Schaefer to further disrupt her studies to attend a hearing in person that has only become necessary because of Brock Fredin's continued harassment and violations of the Order.  Indeed, had Brock Fredin simply followed the terms of this Court's November 17 Order and left Ms. Schaefer alone, there would be no need for the May 4 hearing at all.  Requiring Ms. Schaefer to appear in person would permit Brock Fredin to exact further harm and disruption in her life.  Ms. Schaefer has already expended significant time and resources seeking protection from Brock Fredin's harassment.  To wit, she has already traveled to two hearings in person and has prepared a lengthy affidavit to show cause in preparation for the May 4 hearing.  Brock Fredin's harassment continues without—as of yet—any consequence.

        Ms. Schaefer would call in to the Court from a quiet and controlled environment.  She would take steps to minimize the likelihood of any disruption and to promote an efficient resolution of the issues at the May 4 hearing.  She will have copies of her affidavit, exhibits, and other documents that might be relevant to the hearing.

        There is minimal risk of prejudice to Brock Fredin.  He will still have an opportunity to cross-examine Ms. Schaefer on her affidavit and any testimony she gives at the hearing.  He has already had an opportunity to cross-examine Ms. Schaefer in person at her November 17 evidentiary hearing.  He has been in possession of Ms. Schaefer's affidavit and exhibits since at

J. O. Elizabeth Clysdale
April 27, 2017
Page 2

least early April and has had adequate time and opportunity to prepare any rebuttal he might offer.  This hearing has only been necessitated by his continued violations, and he will have adequate opportunity to present his own testimony, his own exhibits, and his own witnesses at the May 4 hearing.  If he is found to have violated the Order, it will be because of his own actions, not because Ms. Schaefer appeared by telephone instead of in person.

I attempted to meet and confer with Brock Fredin's counsel regarding this request.  As of the filing of this letter, he has not returned the message I left with his secretary.

Regards,

/s/ *Peter Mayer*

Peter Mayer
Associate

# Nathan M. Hansen

### Attorney at Law
### 2440 North Charles Street, Suite 242

Main:                     North St. Paul, MN 55109                     Fax:
(651) 704-9600      E-mail: nathan@hansenlawoffice.com      (651) 704-9604


April 27, 2017

<u>VIA E-FILING</u>


Referee Elizabeth Clysdale
Judicial Officer
Ramsey County District Corut

**RE:   Catherine Schaefer v. Brock Fredin**
**       Ramsey County Court File No. 62-HR-CV-16-411**

Dear Referee Clysdale:

I write in opposition to the Petitioner's request to appear by telephone.  I was out of my office this morning and only received a message from Mr. Mayer a few minutes ago.

While Rule 131 of the General Rules of Practice contemplates the use of ITV, it does not contemplate telephone testimony.  The Petitioner has made serious allegations against my client and presumably seeks serious relief.  He is entitled to cross-examine witnesses against him in person, not via telephone.

The Petitioner cites no rule or law that would allow such telephone testimony, and in almost fourteen years of practice I have never seen telephone testimony for an actual contested hearing in Minnesota District Court request or allowed.  Further, such testimony is expressly forbidden in Minnesota.   <u>In Re Bieganowski</u>, 520 N.W.2d 525 (Minn. App. 1994).

In light of the foregoing, I respectfully request that this request be denied.

Sincerely,


/e/ Nathan M. Hansen

# EXHIBIT 8

1    STATE OF MINNESOTA                    DISTRICT COURT

2    COUNTY OF RAMSEY            SECOND JUDICIAL DISTRICT

3    _____

4    Catherine Schaefer,            File No. 62-HR-CV-16-411

5              Petitioner,

6       vs.                         **MOTION HEARING**

7    Brock William Fredin,

8              Respondent.

9    _____

10

11        The above-entitled hearing came duly on for

12   hearing before Referee Elizabeth Clysdale, one of the

13   referees of the above-named court, on the 4th day of

14   May, 2017, at the Ramsey County Juvenile & Family

15   Justice Center, 25 W. Seventh Street, St. Paul,

16   Minnesota.

17

18        APPEARANCES:

19        PETER MAYER, Esquire, appeared on behalf of

20   Petitioner Catherine Schaefer.

21        NATHAN HANSEN, Esquire, appeared on behalf of

22   Respondent Brock Fredin.

23

24             *       *       *       *       *

25

1                    (WHEREUPON, at this time the following

2     proceedings were duly had:)

3                    THE COURT:  We are on the record in Court

4     File 62-HR-CV-16-411, Catherine Schaefer versus Brock

5     Fredin.  And, Counsel, can you please note your

6     appearances?

7                    MR. MAYER:  Good morning, Your Honor.  My

8     name is Peter Mayer.  I'm an attorney at Dorsey &

9     Whitney appearing pro bono on behalf of Miss Schaefer.

10                    MR. HANSEN:  Nathan Hansen, H-a-n-s-e-n --

11                    COURT REPORTER:  Excuse me.  Can you sit

12     closer to the microphone, Counsel?  Thank you.

13                    MR. HANSEN:  Certainly.  Nathan Hansen,

14     H-a-n-s-e-n, appearing on behalf of the Respondent,

15     Brock Fredin.

16                    THE COURT:  All right.  And we're here on

17     Petitioner's motion for contempt of court.  I have read

18     the paperwork.  Counsel, do you want to argue the

19     motion?

20                    MR. MAYER:  Yes, Your Honor.  I think a

21     bunch of this was laid out in the affidavit, but

22     basically what has happened since the November hearing

23     is that prior to the November hearing there was a

24     pattern of behavior by Mr. Fredin that stretched over a

25     couple of years and included a number of taken

1   separately isolated incidents but together a pattern --

2           THE COURT:  I'm going to stop you because

3   we're not looking back.  You have a harassment

4   restraining order and then you have the conduct that's

5   alleged in the affidavit and which I've read.  So why

6   don't I ask you this?

7           If Mr. Fredin were to be found in contempt

8   of court, what would the purge conditions be?

9           MR. MAYER:  Well, Your Honor, I think the

10  chief relief that's being sought is the recommendation

11  for prosecution for violation of the harassment

12  restraining order.  So far the St. Paul City Attorney

13  has not chosen to prosecute the contempt order under the

14  Harassment Restraining Order Statute Subdivision 6(i).

15  The contempt proceeding requires that if Mr. Fredin is

16  found in contempt, that the violation is then

17  recommended to the St. Paul City Attorney for

18  prosecution, that that's the main relief.

19          At the same time, Your Honor, I think that

20  given the continued behavior since the hearing -- the

21  many violations, the pattern of behavior that Mr. Fredin

22  has engaged in, the clear indications from Mr. Fredin

23  that in his mind there's nothing wrong with what he's

24  doing, that he's somehow justified and continuing to

25  interfere in her life -- I think a brief prison stay

1   would be appropriate and I think a fine is appropriate,

2   as well, Your Honor.

3            THE COURT:  Okay.  So that sounds punitive.

4   Contempt is not to punish.  So if he's found in contempt

5   of court, then purge conditions are set and that is to

6   make it clear to Mr. Fredin what he can and cannot do.

7            If he violates the terms of the purge

8   conditions, then another hearing is set to see if he did

9   violate the purge conditions and whether he even had the

10  ability to comply with the purge conditions.  So that's

11  why these conditions are so important.

12           MR. MAYER:  I understand, Your Honor.

13  Apologies.

14           I think in this case the purge conditions

15  should be set that there is no contact whatsoever with

16  Pennsylvania State University, its Title 9 office; that

17  there is a cessation of Twitter posts, Facebook posts

18  that mention Catherine Schaefer; that the Respondent

19  stops authoring websites that attack Catherine Schaefer;

20  that the Respondent refrains from continuing to attempt

21  to interfere with Catherine Schaefer; and I realize that

22  last one is a bit ambiguous, but essentially that the

23  Respondent ceases to mention Catherine Schaefer, or

24  attempt to contact those near her, or influence her

25  career in any way.

1            THE COURT:  Anything else about your motion?

2            MR. MAYER:  Your Honor, there is a few

3    pieces of additional evidence that have come out after

4    the affidavit was filed.  Mr. Fredin, as I'm sure you've

5    gathered at this point, when he gets upset about how

6    something is going in court, he takes to the public

7    sphere.  And there have been a number of posts

8    subsequent to the filing of the affidavit to the extent

9    you're interested in them or they would alter your

10   ruling in any way, I'm willing to share them, but I

11   think the exhibits and the affidavit are sufficient to

12   show a breach of the Order.

13           THE COURT:  So how can we ensure that these

14   purge conditions do not impact on Mr. Fredin's First

15   Amendment rights to his opinion?

16           MR. MAYER:  Well, Your Honor, I think the --

17   there is a definite difference between a voicing of an

18   opinion and an actual interference and a reaching out in

19   someone's life.  I think that the definition of

20   harassment offered in the Minnesota HRO Statute 609.748

21   which defines harassment as intrusive and unwanted acts,

22   you know, with our words, of course, not everything is

23   protected by the First Amendment.

24           The Minnesota legislature has decided that

25   harassment is not something that will be protected by

1  the First Amendment.  And through our behavior we can

2  curtail our rights further.

3            Obviously, the Second Amendment is an

4  extremely important right and as soon as someone commits

5  a felony, they sacrifice that right.

6            I think here Mr. Fredin has shown that he's

7  unable to responsibly air an opinion about Miss Schaefer

8  and instead resorts to harassment and an attempt to

9  influence her education and employment opportunities by

10  making a public image of Miss Schaefer that is

11  inaccurate and that is harassment.

12            THE COURT:  Anything else?

13            MR. MAYER:  Nothing else, Your Honor.

14            THE COURT:  Mr. Hansen?

15            MR. HANSEN:  This Court doesn't have the

16  ability to send somebody to -- to commit somebody to the

17  Commissioner of Corrections for contempt that prison is

18  --

19            (WHEREUPON, at this time Mr. Hansen was

20  not sitting in front of a microphone.)

21            COURT REPORTER:  Excuse me, Counsel.  Thank

22  you.

23            MR. HANSEN:  (Moving closer to the

24  microphone)  This Court doesn't have jurisdiction to

25  commit somebody to the Commissioner of Corrections for

1    contempt, they would go to a jail presumably.  So other

2    than that, we deny their motion and have them put on an

3    evidentiary hearing to prove it up.

4              THE COURT:  Mr. Mayer, what was the result

5    of the Title 9 complaint?

6              MR. MAYER:  Your Honor, the result of the

7    Title 9 complaint was that as the Title 9 office at

8    Pennsylvania State is required to do, as their public

9    obligations and public requirements that they set forth

10   on their website require them to do, they contacted Miss

11   Schaefer, which is part of the Title 9 process at

12   Pennsylvania State University.

13             So solely because of Brock Fredin's contact

14   with the Title 9 office, the Title 9 office then had to

15   follow-up, share Mr. Fredin's lengthy and at times

16   abusive complaint with Miss Schaefer.  She was brought

17   into the office for questioning.

18             Beyond that, I think the other most severe

19   contact was with Miss Schaefer's -- the head of her

20   program in the graduate psychology department where Mr.

21   Fredin had sent an email to the head of that program

22   complaining about Miss Schaefer's behavior, accusing her

23   of -- accusing her of a number of different crimes.

24             MR. HANSEN:  I'm going to object to this as

25   hearsay.

1              THE COURT:  Isn't the complaint in the --

2              MR. MAYER:  The email's in the affidavit,

3     Your Honor.

4              MR. HANSEN:  I think you need -- you need

5     somebody to testify about this.

6              MR. MAYER:  And she'd offer her sworn

7     testimony in the affidavit.

8              THE COURT:  What I'm trying to figure out --

9     and this benefits your client -- is whether we even have

10    enough to go forward because your client has a right to

11    have an evidentiary hearing.  Miss Schaefer doesn't.

12             So if I can just spend a little more time

13    just seeing if there's even a basis to go forward, I

14    think it could, you know -- and then if --

15             MR. HANSEN:  Thanks.  I won't interrupt any

16    more.

17             THE COURT:  Okay.  I mean, I respect the

18    right to have these objections, but this is what I'm

19    trying to do.  So go ahead, Counsel.

20             MR. MAYER:  And, Your Honor, I think in that

21    contact with the graduate -- the head of the graduate

22    program for psychology at Penn State, again, that is

23    designed as indirect contact.

24             I think the appellate courts have been

25    pretty clear that contact through third persons counts

1   as a violation of the HRO, and again this was contact

2   designed to reach Miss Schaefer.  It was intrusive.  It

3   was unwanted.

4           You know, there is two different parts of

5   the HRO that I think have been violated.  One is the

6   part barring indirect contact and I think that's

7   implicated both by the Title 9 contact and by the email

8   to the graduates -- the head of the graduate program.

9           The other part is that Mr. Fredin was

10  ordered not to harass the Petitioner, which again is

11  defined as repeated intrusive acts and I think that is

12  when you can take the most expansive view and look at

13  Twitter posts, the websites, the sort of unending

14  attempts to insert himself into Miss Schaefer's life.

15          But I would say that the two most serious

16  acts were the contacting of the Title 9 office and the

17  contacting of the head of the psychology graduate

18  program.  And, again, this is what Mr. Schaefer had said

19  he would do and -- or excuse me -- Mr. Fredin.  Thank

20  you, Brock -- he had said he would do this in the

21  exhibits that were offered in the original HRO

22  proceeding and then he proceeded to do it as soon as the

23  HRO was granted.

24          THE COURT:  Was the contact with the head of

25  the psychology department reported to the police?

1          MR. MAYER:  Your Honor, my understanding is

2   that all of these instances of contact have been

3   reported to the police.  I'm not aware of whether the

4   police will be pursuing charges at this time.  I believe

5   they're busy with other charges against Mr. Fredin.

6          THE COURT:  Okay.  So my concern with the

7   motion of contempt at this point is that there are three

8   contacts that I do find concerning, but I think at this

9   point it might be premature to proceed through contempt.

10          There is the police report to the City of

11   St. Paul, the contact with the head of the psychology

12   department, and then the Title 9 complaint.  It just

13   seems premature that if these things have been reported

14   to the police, they need time to do their investigation

15   and figure out what's going on.

16          And then when we have the results of all of

17   those investigations I think -- and he continues, I

18   think that would be contempt.  I'm concerned that at

19   this point it could just be punitive because the purge

20   conditions are going to be challenging, and he needs to

21   have -- and it has to be clear he needs to have the keys

22   to the jail basically is what the case law says.

23          MR. MAYER:  And, Your Honor, I have had a

24   recent contact with my client where she was contacted by

25   the City of St. Paul and I would need to review that

1    once again, but I believe that the conclusion from that

2    was that the City of St. Paul will be pursuing criminal

3    charges against Mr. Fredin in another case, but they

4    have declined to press charges in Miss Schaefer's case.

5    And if that is the disposition that they have already

6    reached, I think that concern is allayed.

7              MR. HANSEN:  I think that the only thing

8    that would demonstrate that that is the case would be a

9    copy of the decline memo from the -- I think that the

10   only thing that would prove that up, what he asserts,

11   would be a copy of the decline memo from the St. Paul

12   City Attorney.

13             THE COURT:  I think at this time I'm going

14   to dismiss the motion for contempt of court.  I think

15   it's premature and I worry that the way the purge

16   conditions would be set could prevent somebody from

17   making a legitimate police report or a legitimate

18   discrimination claim.

19             However, you cannot make false police

20   reports.  You cannot make false claims to a university.

21   Those could be considered harassment in the future and

22   you are walking a very fine line, but today I'm

23   declining to consider a contempt of court against you.

24   You need to discuss the way you're communicating and

25   what you are doing online with your attorney to ensure

1    that you are not violating any laws because a violation

2    of the original harassment restraining order can result

3    in criminal charges.

4            So I'm not going to dismiss it with

5    prejudice so that any of these allegations that are

6    raised in the original motion can be used as a future

7    basis for contempt of court depending on the outcome.

8    So please wait out in the hallway and -- yes, sir?

9            MR. MAYER:  Your Honor, may I just seek a

10   bit of clarification on this?  Before, you know, I don't

11   want to waste the time bringing a new motion if it's

12   also to similarly going to be dismissed.

13           Would the kind of conditions that would

14   justify a new motion, would that be a declining memo

15   from the St. Paul police, or would that actually require

16   further action from Mr. Fredin in addition to that or

17   separate from that?

18           THE COURT:  I think I would be looking for

19   all of those things.

20           MR. MAYER:  All of those things, okay.

21           THE COURT:  All right.  So please wait out

22   in the hallway and a copy of the dismissal will be

23   brought to you.

24

25

1

2                    REPORTER'S CERTIFICATE

3

4        I, Diane K. Shearen, Official Court Reporter in

5   and for the County of Ramsey, State of Minnesota, hereby

6   certify that the preceding transcript constitutes a true

7   and complete transcription of my stenographic notes taken

8   at the time and place here before set forth.

9

10                  *Diane K. Shearen*

11              _____

12                  D. Shearen, RPR

13                  Official Court Reporter to

14                  Referee Elizabeth Clysdale

15                  Ramsey County Courthouse / Room 160

16                  15 West Kellogg Boulevard

17                  St. Paul, Minnesota 55102

18

19

20   Distribution:  Original - Clerk of Court

21   cc:  Brock Fredin

22

23

24

25

# EXHIBIT 9

# State of Minnesota

**District Court**

| County | | Judicial District: | Second |
|---|---|---|---|
| | | Court File Number: | 62-HR-CV-17-233 |
| Ramsey | | Case Type: | **Harassment** |

Lindsey Middlecamp

Petitioner

**Order Granting Harassment
Restraining Order After Hearing**

vs.

**(Minn. Stat. §609.748)**

Brock Fredin
Respondent

This matter was heard by Referee Elizabeth Clysdale, Referee of District Court, on July 20, 2017 and September 21, 2017.

Appearances were made by:

☒ Petitioner                    ☒ Petitioner's Attorney Michael P. Boulette, Esq.

☒ Respondent                    ☐ Respondent's Attorney _____

Now, therefore, based upon the evidence adduced and upon all the files, records and proceedings herein, the court finds:

1. All of Respondent's motions, listed below, were not timely and were an attempt by Respondent to delay the trial. Many of these issues were known to Respondent at the initial hearing held on June 1, 2017 and should have been raised at that hearing. Respondent also served and filed a motion to compel discovery on August 17, 2017. Respondent did not pay the motion filing fee for the motion to compel discovery and this motion was not addressed on the merits on the second day of trial.

2. Respondent Fredin's Motion to Disqualify, filed on July 19, 2017: Respondent filed a motion to disqualify Petitioner's attorney and the law firm of Messerli & Kramer. Respondent consulted with an attorney at Messerli & Kramer regarding an appeal in another Harassment Restraining Order Case involving a different unrelated Petitioner. (Aff. of Daniel Goldberg.) Under the Rules of Professional Conduct 1.18, "a Lawyer who has consulted with a prospective client shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter." Respondent could not point to any facts relating to this case that were provided to the attorney that would cause Petitioner's attorney or the law firm of Messerli & Kramer to be disqualified. Furthermore, the two cases are not the same nor are they substantially related. Respondent's consultation with the law firm occurred over a year ago and the facts raised in the Petition in this case postdate this consultation. Respondent had knowledge of Mr. Boulette's representation of Petitioner at the initial hearing and should have raised his objection at that time. To wait until the eve of trial to serve and file his motion is nothing

**Exhibit 1**

more than a tactic to delay this trial. Therefore, Respondent's motion to disqualify the law firm of Messerli & Kramer is denied.

3. <u>Respondent Fredin's Motion to Dismiss for Improper Venue, filed on July 14, 2017</u>:
Respondent filed a motion to dismiss claiming Ramsey County is not the proper venue. Respondent now resides in Hudson, Wisconsin, and Petitioner resides in Hennepin County. Mr. Fredin should have objected within 20 days of service of a summons pursuant to Minnesota Statutes section 542.10. Venue in civil cases is not jurisdictional. *Rosnow vs. Commissioner of Public Safety*, 444 N.W.2d 591, 592 (Minn. Ct. App. 1989). The objection to venue can be waived with the passage of time and by seeking relief from the court. *Id.* Respondent has waited until the eve of trial to bring this motion, rather than at the initial hearing. In addition, Respondent filed his own Harassment Restraining Order in Ramsey County against Petitioner on June 19, 2017, Court File No. 62-HA-CV-17-391. Therefore, Respondent's motion to dismiss based on improper venue is denied.

4. <u>Respondent Fredin's Motion to Quash the Subpoena, filed on July 20, 2017</u>: Respondent seeks to quash the subpoena served by Petitioner on the entity named "domainsbyproxy.com" because it is overly broad. Petitioner argued that the subpoena was served only after Respondent refused to answer the formal discovery that was served on him. The entity acknowledged receipt of the subpoena and has not objected. Respondent did not establish grounds for quashing the narrow record subpoena under Minnesota Rules of Civil Procedure 45. Therefore, Respondent's motion to quash this subpoena is denied.

5. ☒ There are reasonable grounds to believe that Respondent(s) has engaged in harassment of Petitioner(s) or the minor child (ren) or ward(s) of Petitioner by committing the following acts:

    ☐ physically or sexually assaulted the Petitioner(s) as follows: _____

    ☒ followed, pursued or stalked the Petitioner(s) as follows: <u>See "other" below.</u>

    ☐ made uninvited visits to the Petitioner(s) as follows: _____

    ☐ made harassing phone calls to the Petitioner(s) as follows: _____

    ☐ made threats to the Petitioner(s) as follows: _____

    ☒ frightened Petitioner(s) with threatening behavior as follows: <u>See "other" below.</u>

    ☐ called the Petitioner(s) abusive names as follows: _____

    ☐ damaged Petitioner's property as follows: _____

    ☐ broke into and entered the Petitioner's residence as follows: _____

    ☐ stole property from the Petitioner(s) as follows: _____

    ☐ took pictures of the Petitioner(s) without permission of the Petitioner(s) as follows: _____

    ☐ did acts repeatedly that meet the legal definition of "targeted residential picketing" as follows:

‗‗‗‗‗

☐ attended public events after being notified that Respondent's presence at the events is harassing to Petitioner(s) as follows: ‗‗‗‗‗

☒ other:

a) Prior to the hearings in this matter, the parties had not met in person. In early January 2016, Petitioner, through her anonymous online twitter account @cardsagstharassment posted a tweet linking to a Minnesota Court of Appeals opinion in which Respondent was a party.

b) After learning of Petitioner's post about him, Respondent began attempting to determine Petitioner's identity. Respondent contacted a Huffington Post journalist who had interviewed Petitioner seeking identifying information about Petitioner which she has attempted to keep anonymous and private. Respondent's email also associated Petitioner with criminal accusations. (Exhibit 1.) Respondent's testimony that he does not recall whether he authored Exhibit 1 is not credible, but in his Proposed Order filed on September 29, 2017, he admitted sending this e-mail.[1] (Resp. Proposed Order, p. 4, ¶ 6.)

c) After receiving Respondent's e-mail from the Huffington Post journalist (Exhibit 1), Petitioner emailed Respondent informing him that she considered his behavior harassing. (Exhibit 2.) Petitioner expressly requested Respondent "cease and desist any contact to [Petitioner] or indirect contact made to third parties" for the purpose of making unsupported allegations against Petitioner or seeking her personal information. Respondent acknowledged viewing this email (Exhibit 2) on Petitioner's twitter account, though testified he did not recall whether he had received the email itself. Respondent's claimed lack of memory is not credible. The Court finds Respondent was aware Petitioner considered his contacts to her or to third parties harassing and she wanted his to stop.

d) Despite Petitioner's request, Respondent registered and authored numerous tweets from the twitter account @mncourtshq, including a tweet directed to Petitioner's law school describing her as a "likely criminal," tweets directed to other law schools and legal professional associations sharing identifying information about Petitioner and accusing her of criminal conduct, and eventually, tweets directed to an individual associated with her employer accusing Petitioner of professional misconduct. (Exhibit 3.) Respondent's testimony that he does not recall whether he authored tweets from that twitter account is not credible, particularly in light that Respondent's tweets were no longer publicly visible after Respondent was served with this Court's April 14, 2017 Order Granting Petition for Ex Parte Harassment Restraining Order. The Court finds Respondent to be the author of the tweets by @mncourtshq.

e) Petitioner also presented credible testimony and evidence that Respondent registered the domain name lindseymiddlecamp.com and published content to that website sharing identifying information about Petitioner and her employer, accusing her of criminal conduct, and soliciting others to make complaints against Petitioner. (Exhibit 5.) Respondent's testimony that he does not recall whether he registered and published content to lindseymiddlecamp.com is not credible, particularly in light of the credible testimony that the website was no longer publicly

---

[1] In his proposed order, Respondent requested that the Court make this finding: "Fredin began attempting to determine the identity of the anonymous @CardsAgstHrsmt account. To that end, Fredin sent an email to a Huffington Post reporter to determine the identity with hopes of launching a defamation lawsuit." (Resp. Proposed Order, p. 4, ¶ 6.)

visible after Respondent was served with this Court's April 14, 2017 Order Granting Petition for Ex Parte Harassment Restraining Order. The Court finds Respondent to be the author of lindseymiddlecamp.com.

f)  Respondent repeatedly sent emails or other electronic communications to individuals associated with Petitioner's online activities or employment, each time sharing identifying information about Petitioner, her employer, and her anonymous Twitter account, and accusing her of criminal conduct, and soliciting others to make complaints against Petitioner. These contacts were to 612 Sauna Society (Exhibit 14), a college professor named Mark Shrayber (Exhibit 12), a 411 tip (Exhibit 15), Petitioner's employer Minneapolis City Attorney Susan Segal (Exhibit 16). Respondent's testimony that he does not recall whether he sent those communications is not credible. The Court finds Respondent to be the author of Exhibits 12, 14, 15, and 16.

g)  Even after the Order Granting Petition for Ex Parte Harassment Restraining Order was entered against Respondent on April 14, 2017, Respondent contacted an attorney believed to be adverse to Petitioner, who is an attorney, in an active piece of litigation. Respondent contacted this attorney to provide that attorney with information about Petitioner. This contact was calculated to reach Petitioner and it did reach Petitioner.

h)  The Court finds that the numerous electronic messages about Petitioner sent to people associated with Petitioner's professional employment or with her anonymous online account as set forth above are harassment. These messages included identifying details about Petitioner, as well as allegations of criminal and professional misconduct. These messages were sent by Respondent with the intent to eliminate the privacy Petitioner had maintained between her anonymous twitter account and her full name and employer. Respondents conduct adversely affects Petitioner's privacy, safety, and security, and thus constitutes harassment. The Court further finds these communications to have been authored by Respondent with the intention of harassing Petitioner.

6.  ☒ The harassment has or is intended to have a substantial adverse effect on Petitioner's safety, security, or privacy.

7.  ☐ The relief granted by this order may be for a period of up to 50 years based on the finding that:

    ☐ The petitioner has had two or more previous restraining orders in effect against the same respondent; or
    ☐ The respondent has violated a prior or existing restraining order on two or more occasions.

## It is Ordered:

1.  ☒ Respondent(s) shall not harass ☒ Petitioner ☐ Petitioner(s) minor child (ren) or ward(s). List minor child (ren),wards included in this Petition: _____

2.  ☒ Respondent shall have no direct or indirect contact with ☒ Petitioner ☐ Petitioner's minor child/ren or ward(s), including any visits to or phone calls to the protected person(s), contact via electronic means such as email or social networking sites, threats or assaultive behavior to the protected person(s), damaging or stealing property belonging to the protected person(s), breaking into and entering the protected person(s) residence, and/or taking pictures of a protected person without permission of the Petitioner.

3.  ☒ Respondent(s) is prohibited from being at Petitioner's home at: <u>Confidential</u> (address).

4. ☒ Respondent(s) is prohibited from being at Petitioner's job site at City Hall 350 South 5th Street, Minneapolis, Minnesota for the purposes of contacting Petitioner or contacting any third party for the purpose of harassing Petitioner.

5. This Order shall remain in effect until **September 21, 2019**.

6. The Court Administrator shall send a copy of this Order to the following law enforcement agency(s): <u>Hennepin</u> County Sheriff's Department and <u>Minneapolis & Confidential</u> Police Department. **Every police department and sheriff's office in the United States, include those affiliated with tribal and territorial lands is responsible for enforcing this Order under 18 U.S.C. § 2265 Full Faith and Credit of Protective Orders.**

7. If Respondent is an organization, this order ☐ shall / ☐ shall not apply to all members of the organization.

8. Other: Writings or other communications by Respondent which are made available for public hearing or viewing and which contain addresses, telephone numbers, photographs or any other form of information by which a reader may contact, identify or locate Petitioner are acts of harassment and are prohibited by this order. Any communications made by Respondent under an identity or auspices other than his true name and which refer to Petitioner are acts of harassment and are prohibited regardless of the truth or falsity of any statement made about Petitioner.

9. All motions are denied.

10. The sheriff of any county in the State of Minnesota, or any peace officer, shall perform the duties relating to serving this Order without charge to Petitioner.

## NOTICE

**Any conduct by the Respondent in violation of the specific provisions provided in the "It Is Ordered" section above constitutes a violation of this Harassment Restraining Order. A police officer shall arrest the Respondent without warrant and take the Respondent to jail if the police officer believes the Respondent has violated this Order, and shall hold the Respondent in jail for at least 36 hours, excluding the day of arrest, Sundays, and legal holidays, unless the Respondent is released by a judge or judicial officer.**

**Violation of this Harassment Restraining Order may be treated as a misdemeanor, gross misdemeanor, or felony. A misdemeanor violation may result in a sentence of up to 90 days in jail and/or a fine of $1000.00. Some repeat violations are gross misdemeanors that may result in a sentence of up to one year in jail and/or a $3,000.00 fine. Other violations are felonies that may result in a sentence of imprisonment for up to five years and/or a fine of $10,000.00. A person who engages in a pattern of harassing conduct is guilty of a felony and may be sentenced to imprisonment for up to ten years and/or a fine of $20,000.00.**

**If the court grants this Harassment Restraining Order for a period of up to 50 years under Minn. Stat. §609.748 subd. 5, the Respondent must wait 5 years to seek modification of the Harassment Restraining Order.**

Dated: *10-2-17*

_Clipdale_
Referee of District Court

Dated: _____

_____
Judge of District Court

---

**Distribution**

_____ Certified copy or original –Return to Court Administrator with Affidavit of Service attached
_____ Copy for Petitioner(s)                    _____ Copy for Respondent(s)
_____ Copy for file until original returned      _____ Copy for local police department
_____ Copy for Sheriff                           _____ Other: _____

---

State of Minnesota
Ramsey County

District Court
Second Judicial District

## Harassment
## Notice of Filing of Order

**PLEASE TAKE NOTICE THAT** you are hereby notified that the attached Order has been filed in this case.

Tama L. Hall
Court Administrator
Ramsey County District Court
25 West Seventh Street
St Paul MN 55102
651-266-5130

# EXHIBIT 10

Filed in Second Judicial District
4/3/2017 4:04:31 F
Ramsey County, M

Filed in the Second Judicial District
Ramsey County, MN

State of Minnesota                Nov 17 2016 3:01 PM                District Court
Ramsey County                                                       Second Judicial District

| Court File Number: | **62-HR-CV-16-411** |
| Case Type: | Harassment |

Catherine Schaefer Vs Brock William Fredin

**Order Granting
Harassment Restraining Order
After Hearing**
(Minn. Stat. §609.748)

This matter was heard by Clysdale, Elizabeth, Judge/Referee of District Court, on November 17, 2016.

Appearances:
BROCK FREDIN, Respondent, present          NATHAN HANSEN, Attorney, present
Catherine Schaefer, Petitioner, present    PETER MAYER, Attorney, present

Now, therefore, based upon the evidence adduced and upon all the files, records and proceedings herein, the court finds:

1. ☐ The Respondent denies the allegations of the Petition but has no objection to the issuance of a Restraining Order. The court makes no findings of harassment.

2. ☒ There are reasonable grounds to believe that Respondent(s) has engaged in harassment of Petitioner(s) or the minor child (ren) or ward(s) of Petitioner by committing the following acts:

    ☐ physically or sexually assaulted the Petitioner(s) as follows:_____
    ☐ followed, pursued or stalked the Petitioner(s) as follows:_____
    ☐ made uninvited visits to the Petitioner(s) as follows: _____
    ☐ made harassing phone calls to the Petitioner(s) as follows: _____
    ☐ made threats to the Petitioner(s) as follows: _____
    ☐ frightened Petitioner(s) with threatening behavior as follows: _____
    ☐ called the Petitioner(s) abusive names as follows: _____
    ☐ damaged Petitioner's property as follows: _____
    ☐ broke into and entered the Petitioner's residence as follows: _____
    ☐ stole property from the Petitioner(s) as follows: _____
    ☐ took pictures of the Petitioner(s) without permission of the Petitioner(s) as follows: _____
    ☐ did acts repeatedly that meet the legal definition of "targeted residential picketing" as follows:_____
    ☐ attended public events after being notified that Respondent's presence at the events is harassing to Petitioner(s) as follows: _____
    ☒ other: Petitioner made it clear to the Respondent in 2014, and several times thereafter, that she did not want any contact. Respondent proceeded to contact the Petitioner, as set forth in exhibit P2, knowing that she did not want any contact with him. The contact, as set forth in exhibit P2, was repeated, unwanted, and had the effect of having a substantial adverse effect on Petitioner's security and privacy.

3. ☐ The harassment has or is intended to have a substantial adverse effect on Petitioner's safety, security, or privacy.

4. ☐ The relief granted by this order may be for a period of up to 50 years based on the finding that:
    ☐ The petitioner has had two or more previous restraining orders in effect against the same respondent; or
    ☐ The respondent has violated a prior or existing restraining order on two or more occasions.

**It is Ordered:**

1. ☒   Respondent(s) shall not harass   ☒ Petitioner   ☐ Petitioner(s) minor child (ren) or ward(s).
   List minor child (ren),wards included in this Petition:

2. ☒    Respondent shall have no direct or indirect contact with ☒ Petitioner ☐ Petitioner's minor child/ren or ward(s), including any visits to or phone calls to the protected person(s), contact via electronic means such as email or social networking sites, threats or assaultive behavior to the protected person(s), damaging or stealing property belonging to the protected person(s), breaking into and entering the protected person(s) residence, and/or taking pictures of a protected person without permission of the Petitioner.

3. ☒    Respondent(s) is prohibited from the Petitioner's home at: <u>CONFIDENTIAL</u> (address).

4. ☒Respondent(s) is prohibited from the Petitioner's job site at <u>CONFIDENTIAL</u> (address).

5. This Order shall remain in effect until <u>November 17, 2018</u>. Date (not to exceed two years unless findings made to support longer order)

6. The Court Administrator shall send a copy of this Order to the following law enforcement agency(s):
<u>Ramsey</u> County Sheriff's Department and <u>St. Paul</u> Police Department. **Every police department and sheriff's office in the United States, include those affiliated with tribal and territorial lands is responsible for enforcing this Order under 18 U.S.C. § 2265 Full Faith and Credit of Protective Orders.**

7. If Respondent is an organization, this order ☐ shall / ☐ shall not  apply to all members of the organization.

8. Other: _____

9. The sheriff of any county in the State of Minnesota shall perform the duties relating to serving this Order without charge to Petitioner.

*NOTICE*

**Any conduct by the Respondent in violation of the specific provisions provided in the "It Is Ordered" section above constitutes a violation of this Harassment Restraining Order. A police officer shall arrest the Respondent without warrant and take the Respondent to jail if the police officer believes the Respondent has violated this Order, and shall hold the Respondent in jail for at least 36 hours, excluding the day of arrest, Sundays, and legal holidays, unless the Respondent is released by a judge or judicial officer.**

**Violation of this Harassment Restraining Order may be treated as a misdemeanor, gross misdemeanor, or felony. A misdemeanor violation may result in a sentence of up to 90 days in jail and/or a fine of $1000.00. Some repeat violations are gross misdemeanors that may result in a sentence of up to one year in jail and/or a $3,000.00 fine. Other violations are felonies that may result in a sentence of imprisonment for up to five years and/or a fine of $10,000.00. A person who engages in a pattern of harassing conduct is guilty of a felony and may be sentenced to imprisonment for up to ten years and/or a fine of $20,000.00.**

**If the court grants this Harassment Restraining Order for a period of up to 50 years under Minn. Stat. §609.748 subd. 5, the Respondent must wait 5 years to seek modification of the Harassment Restraining Order.**

THE FOREGOING ORDER IS RECOMMENDED:

*EClysdale*

Dated: _____

Clysdale, Elizabeth (Referee)
Nov 17 2016 3 01 PM
Referee of District Court

THE FOREGOING ORDER IS CONFIRMED:

Dated: _____

Judge of District Court

12

State of Minnesota
Ramsey County

District Court
Second Judicial District

Court File Number: 62-HR-CV-16-411
Case Type: Harassment

**Notice of Filing of Order**

Catherine Schaefer vs BROCK WILLIAM FREDIN

You are notified that on 11/17/2016 the attached order was filed.

Dated: 11/17/2016

Court Administrator
Ramsey

13

# EXHIBIT 11

(PREDIN Criminal history and HRO 62-HR-CV-17-235 is Attached).

END REPORT

## Supporting Narrative By Nqoua Yang, 01/05/18 11:50

At 0928 AM I walk into the court room to confirm with the Referee in regards to the HRO.

At 0929 AM I take him into custody.

CD was put into property at the RAMSEY COUNTY PATROL STATION Property room.

END REPORT.

**MIDDLECAMP, LINDSEY**

Female, DOB 6/22/86

CONFIDENTIAL

609.748.6(b) - N3380 - VIOLATION - HARASSMENT
RESTRAINING ORDER - MS - Arrest of Adult

## Primary Narrative By Nqoua Yang, 01/04/18 10:42

On 01/04/2018 at about 0915 AM, I, Deputy N. Yang, was assigned to the 5th floor of the JFJC where Domestic Abuse and Harassment Court is held. I stepped into Court room 5A for Case file 62-HR-CV-17-233, LINDSEY MIDDLECAMP (DOB 06/22/1986) vs BROCK FREDIN (DOB 12/12/1986). During the court proceeding, Referee CLYSDALE asked if FREDIN's address is current and he stated that it was confidential because last time L. MIDDLECAMP SWATTED his house. (SWATTING is the action of falsely notifying emergency services of a critical incident in hopes to send a large number of law enforcement to someone else's house). The case was continued and FREDIN, the respondent to the

I then stepped into the court room to confirm with Referee Clysdale about the current HRO and with she confirmed that