# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

BROCK FREDIN,                                    Case No. 18-CV-0510 (SRN/HB)

        Plaintiff,

v.                                               **ORDER**

ELIZABETH A. CLYSDALE; DAVID E.
MCCABE; GRACE ELIZABETH
MILLER; CATHERINE MARIE
SCHAEFER; and LINDSEY
MIDDLECAMP,

        Defendants.

---

Plaintiff Brock Fredin seeks to proceed *in forma pauperis* ("IFP") on appeal of the dismissal of this action. *See* ECF No. 117. Fredin became a prisoner during the pendency of this action, and his appellate IFP application (unlike his initial IFP application before this Court) is therefore subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period

immediately preceding the filing of the
complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner
shall be required to make monthly payments of 20 percent of
the preceding month's income credited to the prisoner's
account. The agency having custody of the prisoner shall
forward payments from the prisoner's account to the clerk of
the court each time the amount in the account exceeds $10
until the filing fees are paid.

(3) In no event shall the filing fee collected exceed the
amount of fees permitted by statute for the commencement of
a civil action or appeal of a civil action . . . .

(4) In no event shall a prisoner be prohibited from bringing a
civil action or appealing a civil or criminal judgment for the
reason that the prisoner has no assets and no means by which
to pay the initial partial filing fee.

According to this statute — which is part of the Prison Litigation Reform Act

("PLRA") — prisoners who are granted IFP status on appeal are *not* excused from paying

the appellate filing fee altogether, as is the case for non-prisoner IFP appellants. Instead,

a prisoner who is granted IFP status is merely granted permission to pay the appellate

filing fee in installments, rather than paying the entire amount in advance. *See*

*Henderson v. Norris*, 129 F.3d 481, 484-85 (8th Cir. 1997); *cf. Ashley v. Dilworth*, 147

F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-

litigants to pay filing fees in full, with the only issue being whether the inmate pays the

entire filing fee at the initiation of the proceeding or in installments over a period of

time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing

fee at the outset of the appeal, and § 1915(b)(2) requires that the remaining balance be

paid in installments through regular deductions from the prisoner's trust account.

In this case, the "Certificate" section of Fredin's IFP application provides information derived from his inmate trust account — as required by § 1915(a)(2) — and shows that the amount of his average monthly deposits during the preceding six-month period was $295.25, while his average monthly balance during the same period has "never exceeded $300.00." *See* ECF No. 117 at 6. This Court will therefore assume that the average monthly deposits amount exceeds the average monthly balance, and Fredin's initial partial filing fee for his appeal, under the formula prescribed by 28 U.S.C. § 1915(b)(1), will be 20% of the average monthly deposits, or $59.05. This initial partial filing fee is due immediately. If Fredin elects to pursue his appeal, the remaining balance of the $505.00 appellate filing fee will have to be paid in later installments, and jail officials will be authorized to deduct funds from Fredin's trust account, as provided by § 1915(b)(2). Fredin will be required to pay this filing fee regardless of the outcome of his appeal.

Finally, Fredin requests that he be provided, at no cost to himself, with a transcript of a hearing conducted in this matter. *See* ECF No. 121. IFP status does afford a litigant in some circumstances to transcripts at the expense of the government, but only where the transcript is required by the reviewing court. *See* 28 U.S.C. § 1915(c). Should the appellate court be in need of a hearing transcript from this matter, Fredin may request that the specific transcript be prepared and printed at no cost to him. The appellate court has not yet indicated a need for transcripts, however, and Fredin therefore is not yet entitled to such transcripts under § 1915(c).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The initial partial filing fee for the appeal in this matter is assessed to be $59.05. That amount is due immediately

2. Fredin must pay the unpaid balance ($445.95) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Fredin is confined.

3. Subject to these requirements, Fredin's application to proceed *in forma pauperis* on appeal [ECF No. 117] is GRANTED.

Dated: April 3, 2019

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge