# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BROCK FREDIN, | Case No. 18-CV-0510 (SRN/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| ELIZABETH A. CLYSDALE; DAVID E. MCCABE; GRACE ELIZABETH MILLER; CATHERINE MARIE SCHAEFER; and LINDSEY MIDDLECAMP, | |
| Defendants. | |

On April 3, 2019, this Court provisionally granted the application to proceed *in forma pauperis* of plaintiff Brock Fredin and assessed an initial partial filing fee of $59.05. *See* ECF No. 122. Fredin now requests that he be excused from the partial-filing-fee requirement or, alternatively, that the initial fee be recalculated. *See* ECF No. 126.

As an initial matter, Fredin asks whether his detention at a county jail, rather than a state or federal prison, exempts him "from any Prison Litigation Reform Act ('PLRA') applicability." ECF No. 126 at 1. It does not. The relevant provision of the PLRA, 28 U.S.C. § 1915(h), defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Fredin is a person "detained in [a] facility who is . . .

1

convicted of . . . [a violation] of criminal law." He is therefore a "prisoner" under § 1915(h), and the PLRA — including the requirement that he pay an initial partial filing fee before prosecuting an appeal — applies to him, *see* 28 U.S.C. § 1915(b).

The only question remaining is *how much* Fredin, as a prisoner, owes towards that initial partial filing fee. The Court originally calculated that initial partial filing fee based on financial information submitted by Fredin along with his notice of appeal, as certified by jail officials on February 1, 2019. *See* ECF No. 117 at 6. Fredin now submits amended financial information, certified by jail officials on April 11, 2019, showing substantially reduced deposits to his jail trust account. *See* ECF No. 126 at 1. These figures, if used, would entitle Fredin to an initial partial filing fee of $11.20, not $59.05. *Id*.

Neither certificate submitted by Fredin is precisely what is required under the PLRA for an accurate calculation. The initial partial filing fee for an appeal is calculated by using figures "for the 6-month period immediately preceding the filing of the . . . notice of appeal." 28 U.S.C. § 1915(b)(2). Fredin filed his notice of appeal on March 25, 2019,[1] *see* ECF No. 116, and thus the relevant 6-month period ends with that date. Fredin's first certificate included financial information only through February 1, 2019.

---

[1] The "true" date of filing for purposes of calculating the initial partial filing fee is likely a few days earlier. Under Rule 4(c) of the Federal Rules of Appellate Procedure, a notice of appeal submitted by a prisoner is deemed filed as of the date that the notice of appeal is deposited in the detention facility's internal mail system. Fredin's notice of appeal is dated March 17, 2019, but he has not included a declaration or notarized statement setting out the date of deposit, and the postmark on the envelope used to send the notice of appeal unfortunately is illegible, and thus there is currently no way to determine when the notice of appeal may have been placed in the institution's internal mail system.

*See* ECF No. 117 at 6. Fredin's second certificate included information dated from April 11, 2019, and thus would appear to include more of the relevant period—except that the more recent certificate seems to include financial information related only to the 45 days prior to the completion of that certificate. *See* ECF No. 126 at 1. Thus, not only does the most recent certificate include financial information for a shorter period, but much of that period is irrelevant for purposes of calculating the initial fee owed by Fredin.

Although neither certificate is perfect, the Court concludes that Fredin's earlier certificate is the more accurate of the two for determining the correct partial filing fee owed. Accordingly, the Court declines to recalculate Fredin's initial partial filing fee at this time. If Fredin seeks recalculation of that amount, he must submit what the IFP statute requires: "a certified copy of the trust fund account *statement* (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(a)(2) (emphasis added). This complete statement—covering the period from October 2018 (or the date upon which Fredin became incarcerated, whichever is later) through March 2019—would establish conclusively the correct amount owed before initiating the appeal. Should Fredin submit this statement within 20 days, the Court will recalculate the amount owed by him under 28 U.S.C. § 1915(b). The Court warns Fredin, however, that there is no guarantee that his initial partial filing fee will *decrease* based on the financial information he submits.

Finally, this Court notes that Fredin has not demonstrated at this time that he "has no assets and no means by which to pay the initial partial filing fee," 28 U.S.C.

3

§ 1915(b)(4), whatever that initial partial filing fee might be. Although Fredin attests that he is not paid for the work he performs while incarcerated, his most recent certificate establishes that has recently received deposits to his jail trust account and thus shows that Fredin has a continuing source of income, however limited that income currently is. Further, Fredin was capable of paying an initial partial filing fee of $59.05 in another lawsuit recently initiated by him in this District, *see Fredin v. City Pages*, No. 19-CV-0472 (DWF/TNL) (D. Minn.), demonstrating that he likely has at least some capability to pay an initial partial filing fee in this matter as well. Accordingly, the requirement of an initial partial filing fee in this case will not be waived absent a credible showing that Fredin is truly without assets or means to pay an initial partial filing fee in this case. To make such a showing, Fredin must submit not only his jail account statement, but statements from all financial accounts in Fredin's possession, including checking and savings accounts.

    SO ORDERED.

Dated: May 3, 2019
    s/Susan Richard Nelson
    SUSAN RICHARD NELSON
    United States District Judge